plaintiff brings this action as executrix of the will of her deceased husband, Richard S. Newcombe, who, prior and down to the time of his death, which occurred on the 21st day of July, 1891, was a member of the law firm of Donohue, Newcombe & Cordoza, to recover for professional services rendered by her husband, while a member of said firm, and which claim was duly assigned to her as such executrix. The answer practically admits the services, but denies that there is anything due and owing on account thereof, and alleges that the defendant paid plaintiff's testator $300, which was in full of the account in suit.

The plaintiff introduced in evidence, under defendant's objection, the books kept by the firm of which plaintiff's testator was a member, showing the services rendered and the amount charged. Defendant urges error in the admission of the books on the ground that a proper foundation had not been laid for the evidence. The error, if any, was cured by defendant's testimony, where, at folio 145, he admits the rendition of the services as charged. The amount or value of the services was never seriously disputed by the defendant, as the evidence of his partner, Mr. Maass, shows, at folios 181, 185. The question litigated was one of payment, and, as the court charged, at folio 228, that the books were not evidence of nonpayment, they became harmless in any aspect of the case. The court submitted the questions of value of the services and payment to the jury under a charge as favorable to the defendant as could be expected, and we do not feel warranted in disturbing that verdict.

Judgment affirmed, with costs. All concur.

---

(14 Misc. Rep. 439.)

## MARKIN v. CRUMBIE.

(City Court of New York, General Term. November 26, 1895.)

1. NEGLIGENCE—SIDEWALKS—ORDINANCE.

The fact that a city ordinance requires the owner of premises to keep the sidewalk free from snow and ice is not of itself sufficient to give a cause of action to a person injured by the owner's neglect to comply therewith.

2. LANDLORD AND TENANT—DANGEROUS PREMISES — LIABILITY TO THIRD PERSON.

A landlord who rents apartments, reserving to himself and taking care of the passageway to the sidewalk, will be liable to a person visiting a tenant for injuries resulting from the defective condition of the passageway, of which the landlord had actual or constructive notice.

3. SAME—EVIDENCE.

That the passageway from the street to defendant's apartment house, which was managed through a janitor living on the premises, was in a defective condition for a day prior to plaintiff's injury, is sufficient evidence to go to the jury on the question of constructive notice to defendant.

Appeal from trial term.

Action by Ellen F. Markin against George B. Crumbie for injuries caused by a defective walk. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before McCARTHY and CONLAN, JJ.

P. J. O'Beirne, for appellant.

F. R. Crumbie, for respondent.

CONLAN, J. If there was any omission on the part of the city to have the accumulation of snow and ice on the sidewalks removed, by which omission or negligence an accident occurred, this defendant cannot be held responsible. Now, the fact of a city ordinance requiring the owner to do certain things in regard to cleaning snow and ice is not of itself sufficient to give a cause of action to a party injured by an act in violation of its terms. It is a police regulation, and does not add to or take from the liability of the party. Knupfle v. Ice Co., 84 N. Y. 488; Moore v. Gadsden, 93 N. Y. 12, 17.

The plaintiff, however, contends that the passageway or walk from the sidewalk to the house is a part of the lot or premises known as "No. 334 West Sixty-Sixth street." This appears to be correct according to the measurements testified to by Melvin G. Pallister, one of the plaintiff's witnesses. It is the means of entering and reaching the premises, and is under the control and management of the defendant. Mr. Crumbie was owner of this apartment house, renting only the apartments, and reserving to himself and taking care of the hallways and this passageway to the sidewalk, by a janitor, a Mr. Falconer. The tenants had no charge or control over hallways or passageways at all. The plaintiff was lawfully on the premises, in the act of visiting one of the tenants, as she had the right to do. It seems to us that the rule to be applied to the evidence in this case is that, when the owner of land expressly or by implication invites a person to come upon his land, he cannot permit anything of the nature of a snare to exist or be maintained thereon, which results in injury to the person who avails himself of the invitation, and who at the time is exercising ordinary care, without being answerable for the consequences. We think the circumstances imposed a duty on the defendant to protect this passageway, and see that no nuisance existed, and the place was reasonably safe. Beck v. Carter, 68 N. Y. 291, 292; Murphy v. City of Brooklyn, 118 N. Y. 579, 23 N. E. 887; O'Sullivan v. Norwood, 8 N. Y. St. Rep. 388.

Davis, P. J., in Henkel v. Murr, 31 Hun, 28, 29, says:

"One of these uses was the right of ingress and egress of persons lawfully calling upon the tenants for business purposes, or as friends, for social purposes. It is a correct rule of law to state that the same measure of liability for injuries sustained by negligence of the landlord extends to one socially visiting or calling upon a tenant as protects the tenant himself, because the use of the hall and staircase for the purpose of enjoying such visits and calls is, by necessary implication (where not expressly provided for), within the reasonable intent of the demise of the rooms. Hence the plaintiff in this case, in calling upon the tenant of the appellant, was within the scope of the protection against the landlord's negligence, and is entitled to the application of the same rules, if damnified by his negligence, which the tenant could invoke in his or her own behalf."

And this is approved in Alperin v. Earle, 55 Hun, 211, 212, 8 N. Y. Supp. 51; Rauth v. Davenport, 60 Hun, 70, 73, 14 N. Y. Supp. 69.

It is also necessary for the plaintiff, in order to recover, to show that the defendant had either actual or constructive notice of the existence of the nuisance complained of. There is some testimony that this condition existed from the day previous, and this was sufficient, under the, circumstances, to go to the jury on the question of constructive notice to defendant, since the defendant owned the premises, and controlled and managed the same through his janitor, who was living on the premises.

We think the trial justice erred in dismissing the complaint, as there was enough to place the defendant on the defense. Judgment is therefore reversed, and new trial granted, with costs to the appellant to abide the event.