[Civ. No. 81.   Second Appellate District.—November 16, 1905.]

## Z. E. WILE, Respondent, v. LOS ANGELES ICE AND COLD STORAGE COMPANY, Appellant.

NEGLIGENCE—INJURY FROM SPIKE IN PLANK—TEMPORARY DRIVEWAY TO BUILDING—PRESUMPTION.—In an action for damages incurred by plaintiff in tripping on a large nail or spike projecting two inches in height from one of several planks placed upon a cement sidewalk as a temporary driveway to defendant's building while in course of construction, it must be presumed that it was defendant's driveway, plank and nail, maintained there by defendant with his knowledge.

ID.—DUTY OF COURT—REBUTTAL OF PRESUMPTION—QUESTION OF FACT. The duty was cast, in the first instance at least, upon the trial court to determine whether the testimony of the manager and other agents and employees of the defendant that they did not place the boards there and did not know who placed them there, was sufficient to rebut the presumption arising from the other facts. The jury might have inferred from the evidence of the manager that defendant was in possession of the premises and had authority there, and that he did not know who placed the board there, that he did not want to know. At all events, the question who placed them there was one of fact for the jury.

ID.—NUISANCE.—The maintenance of a spike two inches high in a sidewalk is a nuisance, dangerous to life and limb.

ID.—EXCUSE—DIFFICULTY OF SEEING SPIKE—QUESTION OF FACT.—It is a question of fact whether "the spike was hard to see," and the jury were fully warranted in declining to excuse the defendant from maintaining the nuisance on any such ground.

ID.—CITY ORDINANCE AUTHORIZING PLANKS—SPIKE NOT AUTHORIZED.— A city ordinance authorizing the use of planks as a driveway does not include the protruding spike, which caused the plaintiff's downfall.

ID.—PLANKS PLACED BY INDEPENDENT CONTRACTORS—LIABILITY OF OWNER—INSTRUCTIONS.—If it be conceded that there is evidence that the planks were placed there by an independent contractor, yet the owner is liable if its manager or agents knew of their dangerous condition, or if, as careful or prudent men, they should have known it. Instructions recognizing this rule were properly given, and were within the issues presented to the jury.

ID.—ORDINARY CARE—QUESTION FOR JURY.—The question whether, with ordinary care, the defendants would have discovered the nail, and what was ordinary care under the circumstances of the case presented, was one of fact for the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.   D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Sidney J. Parsons, for Appellant.

Powers & Holland, for Respondent.

GRAY, P. J.—Action for damages incurred by plaintiff in tripping on a large nail projecting from one of a number of planks placed upon the cement sidewalk to admit of the approach of teams temporarily to defendant's building while the same was in course of construction.   The plaintiff had a verdict and judgment in his favor.   The appeal is by the defendant from the judgment and from an order denying him a new trial.

The main contention of appellant is that the evidence is insufficient to support the verdict as a matter of law, but we think this contention cannot be upheld.   The board which contained the offending nail was part of a driveway to defendant's property, constructed for a temporary use in connection with said property.   From this a presumption arises that it was defendant's driveway, defendant's board, and defendant's nail, all maintained there by defendant and with defendant's knowledge.   The duty was cast, in the first instance at least, upon the trial court to determine whether the testimony of the manager and two or three other agents and employees of the defendant, to the effect that they did not place the boards there and did not know who placed them there, was sufficient to rebut the presumption arising from the other facts.   "At least in such a case the injured party ought not to be compelled to show affirmatively that there was no intervention of a third person which contributed to the result."   (*Barry* v. *Terkildsen,* 72 Cal. 254, [1 Am. St. Rep. 55, 13 Pac. 657]; *McKune* v. *Santa Clara etc. Co.,* 110 Cal. 480, [42 Pac. 980].)   The manager said the defendant was in occupation and possession of the premises as a whole and had authority there, and the fact that this manager did not know who placed these boards there might have led the jury to infer that he did not want to know.   At all events, the question of who placed the

planks there was one of fact, and after a careful examination of all the evidence we are thoroughly persuaded that the jury in its verdict, as well as the judge in denying the new trial, made no mistake in the solution of that question of fact. The same thing may properly be said as to the other questions of fact involved in the case. There can be no question that the maintenance of a spike two inches high in a sidewalk is, to put it mildly, a nuisance. It seems to have been dangerous "to life and limb." The jury were fully warranted in declining to excuse the defendant for maintaining the same on any such ground as that "the spike was hard to see." This, too, was a question of fact, and we find nothing in the record to transform it into a question of law. A city ordinance authorizing the planks does not necessarily include the protruding spike. It was the spike that caused the plaintiff's downfall, and not the plank.

If it be conceded that there is evidence showing that the planks were placed there by an independent contractor, yet the defendant is liable if its manager or agents knew of their dangerous condition, or if, as careful and prudent men, they should have known it. (*Frassi* v. *McDonald,* 122 Cal. 400, [55 Pac. 139].) The instructions recognizing this rule were properly given. Said instructions were also within the issues as presented to the jury. There was much evidence elicited by defendant to the effect that the nail was of the same color as the board and difficult to see. There was also evidence that others saw this nail, and it is not improbable that if the agents of defendant had exercised ordinary care they would have discovered this nail. What was ordinary care, under the circumstances of the case here presented, was again a question for the jury.

Appellant's briefs are somewhat extended, but we think it will be seen upon a close analysis of the same that the foregoing disposes, either directly or indirectly, of every point contained in said briefs. The appeal seems to be without merit.

The judgment and order are affirmed.

Allen, J., and Smith, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 15, 1906.