[L. A. No. 1882.   Department Two.—June 5, 1907.]

## E. C. HUMPHREY, Appellant, v. C. LEONARD et al., Respondents.

NEGLIGENCE—MANNER OF CONSTRUCTING ROADWAY—UNDISPUTED FACTS —NEGLIGENCE QUESTION OF FACT.—In an action, tried without a jury, to recover damages for the defendants' alleged negligence in constructing and maintaining a temporary roadway in a particular manner, in which the facts are undisputed, the question of negligence is not one of law, but is for the trial court to determine as a matter of fact, considering all of the circumstances shown by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial, N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Oscar A. Trippet, for Appellant.

E. W. Freeman, A. D. Laughlin, and Jones & Weller, for Respondents.

HENSHAW, J.—Plaintiff brought his action to recover damages from the defendants for personal injuries sustained by him in crossing a sidewalk on a street in the city of Los Angeles. The cause was tried without a jury, and the findings of the court exonerated the defendants. The specific charge of negligence is that defendants, in constructing this temporary driveway of three-inch planks, laid down the plank with a beveled end and loosely covered the whole driveway with sand; that plaintiff, a foot passenger upon the sidewalk, slipped upon this beveled end, which could not be seen by reason of the sand, and was thrown, sustaining the injuries complained of.

The defense showed that it constructed and maintained a temporary roadway under license of a building ordinance of the city of Los Angeles, and the court finds "that it was necessary and proper to cover said sidewalk where said driveway passed over the same, and the manner which defendants constructed and maintained said driveway was a proper method of construction and maintaining such a driveway."

Appellant's proposition is that the facts being undisputed, it was a question of law as to whether or not defendants were negligent, and that the finding and determination of the court is against the law and against the evidence. This, however, may not be said. It was for the court, as it would have been for a jury, considering all of the circumstances and facts shown by the evidence, to declare whether the defendants were or were not negligent. The case in this respect is the parallel of that of *Wile* v. *Los Angeles Ice and Cold Storage Co.*, 2 Cal. App. 190, [83 Pac. 271], where the true rule is laid down. In this case, as in that, the defendants were called upon to exercise the care which the circumstances required in the construction and maintenance of the temporary driveway, and what was ordinary care it was peculiarly the province of the court below, sitting as a trier of the facts, to determine.

The judgment and order appealed from are affirmed.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.