[Civ. No. 1305.   Second Appellate District.—May 29, 1914.]

## MAYBELLE OLIVER, Respondent, v. EMMA STOLTENBERG, Appellant.

NEGLIGENCE—CHANGE OF STEPS DUE TO RAISING BUILDING—INJURY TO TENANT USING STEPS.—Where the owner of an apartment house raises the building several inches, but leaves the steps, which lead from the porch to the sidewalk, in their original position, without warning his tenants, and a tenant, in coming out of the building and proceeding to the sidewalk without noticing the changed condition, falls and is injured, the question of the owner's negligence is one of fact, and an appellate court cannot say, as a matter of law, that the trial court erred in awarding the tenant damages for his injuries.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

H. A. Massey, and Peyton H. Moore, for Appellant.

D. Z. Gardner, for Respondent.

JAMES, J.—Appeal was taken in this cause from the judgment entered against defendant and also from an order denying her motion for a new trial.

The cause of action was one for damages for personal injuries alleged to have been suffered by the plaintiff as a result of the negligent acts of defendant.

Appellant was the owner of an apartment house in the city of Los Angeles and respondent was a tenant therein. Being desirous of having the house raised to a greater height above the surface of the ground, appellant employed one Young, a contractor, to do the work and he commenced the task on Saturday, the last day of September, 1911. On Sunday morning at about ten o'clock the building had been raised at the front about five inches. As it had stood theretofore there were two cement steps leading from the porch at the front to the sidewalk and the top step was about one and one-half inches below the level of the porch. When the house was raised to the height of about five inches there was then created another step from the porch surface to the top of the first cement step, and a space was left where the riser is ordinarily placed. When the steps were in that condition plaintiff came out of the building and proceeded as she ordinarily did to reach the sidewalk, without noticing that the building had been raised. Not expecting to find the first cement step lower than it had previously been, her foot slipped and she fell, sustaining injuries for which the trial court awarded her damages in the sum of one thousand five hundred dollars. As to the facts just stated there was no dispute between the parties, and it was also agreed that the contractor Young was an independent contractor in his connection with the work, but that he had no duty to perform under his agree-

ment with appellant as to the steps; these latter he was not
to molest or change. The court determined by its findings
all of the facts as they have been narrated, and further found
that the change in the position of the porch at the time of
the accident to respondent "was not apparent to any one
passing from said porch to said steps."

Upon such a state of the record it is contended on the part
of appellant that there was not sufficient evidence to show that
appellant had committed any negligent act which caused re-
spondent's injuries, and second that it appeared that respond-
ent was guilty of negligence which contributed to cause the
accident.   It is first claimed that upon the facts as presented
to the trial court and shown in the statement on motion for a
new trial, it became a question of law as to whether or not
appellant had been guilty of negligence and that such a ques-
tion is here presented for review.   It is an unusual case indeed
where the facts and circumstances surrounding the happening
of an event involving a question of negligence present a case
where it can be said without any qualification that all men,
considering the matter in a rational and reasonable light,
would agree as to whether ordinary care had been used by
the person charged with negligence.   "The question of negli-
gence must be submitted to the jury as one of fact, not only
where there is room for difference of opinion between reason-
able men as to the existence of the facts from which it is
proposed to infer negligence, but also where there is room
for such a difference as to the inferences which might fairly
be drawn from conceded facts.   Where this is the case, the
issue must go to the jury, no matter what may be the opinion
of the court as to the value of the evidence or the credibility
of the witnesses.   So, if the issue narrows itself to a distinc-
tion between what is reasonably safe and what is not so, the
question is emphatically one for the jury.   It is for the court
to say whether there is any evidence in the case from which
negligence might reasonably be inferred; and then it is for
the jury to say whether, from the facts thus proved, negli-
gence ought to be inferred."   (1 Shearman and Redfield on
Negligence, par. 54.)   As illustrating the application of
the rules declared in the text book referred to, the case of
*Humphrey* v. *Leonard*, 151 Cal. 375, [90 Pac. 705], may be
cited, wherein it is said: "Appellant's proposition is that the

facts being undisputed, it was a question of law as to whether
or not defendants were negligent, and that the finding and
determination of the court is against the law and against the
evidence. This, however, may not be said. It was for the
court, as it would have been for the jury, considering all of
the circumstances and facts shown by the evidence, to declare
whether the defendants were or were not negligent. . . .
The defendants were called upon to exercise the care which
the circumstances required in the construction and mainten-
ance of the temporary driveway, and what was ordinary care
it was peculiarly the province of the court below, sitting as a
trier of the facts, to determine.'' There is then, on this branch
of the case, but one query to answer: Was there any sub-
stantial evidence from which the trial court might draw its
conclusion that in leaving the steps in their changed condi-
tion, without warning to her tenants, appellant acted in a man-
ner other than ordinary prudence would suggest she should
act, having reasonable regard for the safety of the occupants
of her building. There can be no doubt at all that appel-
lant would have been negligent had she raised the house
without the knowledge of, or notice to, her tenants and one
of them had gone upon the steps in the dark and been in-
jured. The same case is presented here with the exception
that the respondent was injured in the daytime. And the
same conclusion must follow unless it can be said that the
conditions were such as to apprise those who had occasion to
go from the building that the steps had been lowered through
the raising of the building; and these conditions would need
to be so plain as to give notice to the tenant as effectually as
would a barrier, a sign, or other familiar form of warning.
There was no such plain notification shown to have been
given. It was a fair inference for the court to draw from
all of the testimony that persons emerging from the build-
ing, unless their eyes were kept ahead of their feet, would
not have noticed the fact that the edge of the porch had
been raised above the cement step four or five inches. The
court did find that the change was not apparent to any one
passing from the porch to the steps. Hence this court can-
not say as a matter of law that the conclusion of the trial
judge was erroneous. For precisely the same reasons it must
be concluded that the finding that respondent was not guilty

of any act of negligence which contributed to cause her injuries, is not the subject of review; there was some evidence of a substantial nature upon which to found the finding.

The case of *Smith* v. *Buttner*, 90 Cal. 95, [27 Pac. 29], is cited in support of appellant's contention that the complaint in this action did not state facts sufficient to constitute a cause of action. In this case the particular defect which caused the injuries to plaintiff is described and it is then alleged that respondent while passing out of the house fell upon the steps, by reason of the negligence of the appellant "as aforesaid." It seems that the complaint made a sufficiently clear statement of the facts illustrating the conditions out of which appellant's negligence arose and sufficiently showed that it was due to these conditions that respondent fell upon the steps.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.