[Civ. No. 5057. Second Appellate District, Division One.—July 12, 1927.]

KATHERINE M. SHECKLES et al., Respondents, v. CLINTON CONSTRUCTION COMPANY (a Corporation), et al., Appellants.

Haas & Dunnigan for Appellants.

Kemp, Mitchell, Silberberg & Davis and Kemp, Partridge & Kemp for Respondents.

McLUCAS, J., *pro tem.*—This is an action prosecuted by plaintiffs to recover damages for injuries sustained, due to the alleged negligence of the defendants. The case was tried before the court without a jury. Judgment went for plaintiff Katherine M. Sheckles, in the sum of $500, and for her husband, coplaintiff Walter B. Sheckles, in the sum of $387. From the judgment entered, the defendants present this appeal.

There is no dispute as to the fact that plaintiff Katherine M. Sheckles was injured while walking on a temporary plank sidewalk constructed by the defendants along the north side of the Lane building, situated at the southwest corner of Spring and Eighth Streets, Los Angeles, and that as a result of falling, plaintiff Katherine M. Sheckles broke one of the small bones of her left ankle.

The findings of the court were: "That said temporary sidewalk was not even, but was constructed of pieces of rough boards of irregular length and that the same was so carelessly, negligently and dangerously constructed as to be dangerous for pedestrians to walk upon. That upon the west end of the said temporary sidewalk where the same reaches the point opposite the alley in the rear of the said building, the said defendants negligently constructed the said temporary sidewalk in such a manner that one of the boards at a point where there was a step from the said temporary sidewalk to the public alley extended about one and one-half inch beyond the other boards constituting the surface of the said temporary sidewalk; that the construction of the said sidewalk was carelessly and negligently installed and that the same was not done in a good and workmanlike manner and that the defendants did not use the care required of them in the construction of said sidewalk, and that by reason of the negligence and want of ordinary care in the construction thereof, the said sidewalk, at the point above mentioned, was dangerous to the life and limb of the pedestrians walking upon the said temporary sidewalk. The

(trial) court further finds that on the evening of the sixth day of June, 1922, at about 6:30 o'clock, the plaintiff Katherine M. Sheckles was walking westerly from Spring street upon and along the said temporary sidewalk so constructed and maintained by the said defendants, and that when said plaintiff reached the end of the said temporary sidewalk where the same reaches the alley on the westerly side of the said property she stepped down with her left foot and in attempting to step with her right foot from the sidewalk the heel of the shoe of her left foot caught on the projecting board carelessly and negligently left by the defendants projecting from said sidewalk by which she was tripped and fell in such a manner as to fracture the bones of her left ankle.''

The only ground of appeal urged by appellants is that the evidence does not support the findings. It is first urged by appellants that the testimony does not support the findings that plaintiff tripped on the projecting board, and that there is no evidence in the record showing what particular thing caused or was the proximate cause of the plaintiff's fall. The evidence is undisputed that one or more of the boards on the step projected somewhat beyond the other boards. It is also undisputed that plaintiff fell while stepping from the step in the sidewalk. While the evidence is not entirely clear as to what caught the heel of plaintiff's shoe, yet we believe that under all the circumstances there was some evidence to support the finding of the trial court that plaintiff's heel caught on the projecting board. Where there is some evidence, though slight, to support the finding of the trial court, the judgment will not be reversed on appeal. Plaintiff was the only witness who testified as to the manner of the fall. She testified: ''Why, I was walking with these friends as I stated, and when I reached the end of the board of the board walk, I stepped off with my right foot, and my left foot was caught in a manner that it held in such a way that it threw my whole body forwards. . . . my left foot was hung under me in such a manner that I was thrown forward, . . . A. Something caught my heel and held it firmly, as though it was in a vise. . . . No, I hardly think my foot turned before I stepped. I think that my fall was from being held up because I had a sensation that I will never forget to my dying

day that my feet just felt as though they were held in a vise, that something was just hanging me there. . . . My heel was caught in such a way that I could not take the step.'' Several other witnesses testified to seeing the plaintiff fall as she attempted to step from the sidewalk; also that some of the boards on the sidewalk projected beyond the other boards. Photographs and plats of the projecting board were also introduced in evidence. ■ We conclude from the foregoing that there is testimony sufficient to support the finding of the trial court that plaintiff's heel caught on a projecting board.

■ It is further urged by appellants that the evidence does not support that portion of the first finding, namely, that the construction of the temporary sidewalk was carelessly and negligently installed; that the same was not done in a good and workmanlike manner; and that the defendants did not use the care required of them in the construction of the said sidewalk. The witness George H. Fruehling, called on behalf of plaintiffs, testified that he measured and made plats of the sidewalk on the morning after the accident. He further testified as follows: ''Q. Now, what condition did you find the ends of those boards in, which constituted the temporary sidewalk, that intersected with the alley of the sidewalk itself? A. They were very irregular. . . . Q. Go on and state what irregularities you found in the ends of those boards. A. I found that the third and fourth boards from the outside of the sidewalk had a projection greater than any of the rest of the boards. . . . Q. Now, you may state to the court what condition you found them in with reference to projections. A. I found that these two boards, that I have mentioned, the third and fourth boards from the outside of the sidewalk, the one—the third board had a projection of nearly one and three-quarters inches beyond the riser, and by the riser I mean— . . . This is Exhibit 2. Mark it one and three-quarters inches at the point you have indicated. Is that correct? A. Yes, sir, and at the inside of the fourth board from the outside of the sidewalk, I found a projection of one and one-eighth inches from the riser. . . . Is that beyond the edge of the other corresponding board? A. No, not exactly. . . . Now, referring to the surface of the boards three and four, which projected the greater distance beyond the riser, what was their condition

as to roughness or otherwise? A. As shown on the photograph, you will notice that the board, the first board on the inside, and on the inside edge was split back probably a foot, as I have also indicated on my little drawing. Q. Referring to Exhibit 8? Mr. Dunnigan: That is shown on Exhibit 3, that top view? A. That top view. It shows from both views at this point (indicating). Mr. Kemp: All right. Now, was there any crack between the third and fourth? A. Yes, sir, there was quite a large crack. There was quite a large crack, and a little chip, a knot, right at the corner of the third board. Mr. Dunnigan: Pardon me a second. I move to strike out the statement that there was quite a large crack. This witness has measured it and if he has he can give us the exact figures. The Court: Yes. . . . About how wide would you say that crack was? A. About three-quarters of an inch.'' Appellants' contention cannot be sustained. It was for the court, as it would have been for a jury, considering all the circumstances and facts shown by the evidence, to declare whether the defendants were or were not negligent. The defendants were called upon to exercise the care which the circumstances required in the construction and maintenance of the temporary sidewalk, and what was ordinary care it was peculiarly the province of the court below, sitting as a trier of the facts, to redetermine. (*Humphrey* v. *Leonard,* 151 Cal. 375 [90 Pac. 705]; *Wile* v. *Los Angeles Ice etc. Co.,* 2 Cal. App. 190 [83 Pac. 271]; *Oliver* v. *Stoltenberg,* 24 Cal. App. 637 [142 Pac. 108]; *Siegman* v. *Fetters,* 59 Cal. App. 115 [210 Pac. 49].) In view of the foregoing authorities and the evidence submitted in the case, we do not believe it can be held in this court as a matter of law that respondent has not established that the proximate cause of her injury was due to the negligent manner of the construction or maintenance of the sidewalk on which she was injured.

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.