[Civ. No. 6524. First Appellate District, Division One.—January 21, 1929.]

ERNEST SPORE, Respondent, v. ALICE B. WASHINGTON, Appellant.

Thornton Wilson and P. R. Lund for Appellant.

Skinner & Friedman, Monroe Friedman and Howard H. Desky for Respondent.

THE COURT.—The action was instituted by plaintiff to recover damages resultant from personal injuries sustained by him.

At the outset the action was against appellant and others. At the trial a judgment of nonsuit was ordered as to the remaining defendants and the case proceeded and judgment was entered against appellant alone. The case was tried by a jury. In setting forth such of the facts as may be necessary, we will avoid all reference to any of the original defendants and treat the case throughout as against the appealing defendant.

Appellant was the owner of a certain building in the city of Oakland. This building was of more than one story. The upper stories were leased for apartment house purposes, and such business actually carried on therein.

The ground floor was leased to different tenants, each of whom was engaged in separate and individual business. Running along the back of the building was a board walk, which walk extended from the front to the rear of the apartment house. Several of the rooms or stores on the main floor had back doors leading to the board walk and the tenants used these doors, and the walk was used by all of these tenants. The board walk consisted of two joists or stringers, running parallel with the rear of the building, upon which joists or stringers boards about four inches wide were nailed at right angles. The walk was three feet wide and the boards were laid approximately one-half inch apart.

At the end of this walk was a coal-room or coal-bin for the storage of fuel.

On the day in question here the plaintiff was employed by a wood and coal company and the nature of his employ-

ment was the delivery of coal. When a customer ordered coal the same was delivered by a truck accompanied by two men to unload. On the occasion coal was ordered by the tenants occupying the apartment house, being the upper stories of the building owned by appellant. The amount ordered was fifteen tons and same in one hundred pound sacks. Plaintiff was one of the men accompanying the truck, and his work was to carry in the coal to the bin described, pursuant to the directions of the keeper of the apartment house.

In reaching this bin it was necessary for plaintiff to use the board walk described. He had carried in a number of sacks, the testimony showing that approximately two-thirds of the load had been delivered when the accident occurred; in the work he was assisted by three other men. According to the testimony the accident happened in the manner now described. After many trips over the walk, nothing unusual happening, or no defect in the walk observed or observable, plaintiff was carrying on his back another sack. In walking along he placed his foot down upon a loose board. According to plaintiff's testimony, uncontradicted, one foot landed just on the edge of the loose board, causing the board to tilt up almost vertical, and continuing his step the other foot tripped over the board, throwing plaintiff to the ground, with the sack of coal coming down on him in the fall, thereby sustaining the injuries complained of. There is no question raised as to the damage, the only question going to the liability of defendant.

The appellant from the commencement of the action has contended, and now contends, that the complaint does not state a cause of action against her. She has stoutly maintained this position throughout, urging it at every stage of the proceedings. Therefore, we will first take up the question. The complaint alleges that defendant Alice B. Washington at all times herein mentioned was the owner and that certain other defendants named were the tenants in possession, managers, and occupants of the land and building described. Then, continuing in the same paragraph, the complaint sets forth the particular portion of the building in the possession of each tenant.

It is there alleged substantially as follows, omitting formal clauses and epitomizing the facts: That at all of the times

herein mentioned defendants, and each of them, caused to be constructed and maintained upon said land a board walk about fifty feet long and constructed and made of a series of boards, each of which was about six inches wide and forty-two inches long; that said board walk was so constructed and maintained by defendant for the purpose of ingress and egress to and from the rear of said apartment house and said store for the use of tradesmen and persons delivering goods, wares, merchandise, fuel, and provisions to said building, and at all of the times herein mentioned, tradesmen and persons delivering goods, fuel, etc., to said building were invited and requested by defendants to use, traverse, and walk upon said board walk.

That at all times mentioned defendants held and represented to tradesmen and persons delivering goods, fuel, etc., to said building that said board walk was and constituted a fit, proper and safe place to use, walk upon and walk over as a means of ingress and egress to and from the rear of the said building.

That on the twenty-fifth day of September, 1925, and for some time prior thereto, defendants carelessly and negligently maintained said board walk and permitted said board walk to remain, exist, and be in a dangerous, improper, and unfit state and condition to use, traverse, walk upon and walk over by reason of the fact that one of the boards or planks of said board walk was loose and not nailed down to the runners or beams underneath the boards of said board walk, and said board would slip and fall and become dislodged from its place if stepped upon and that said loose board was on September 25, 1925, in its proper place in said walk and apparently nailed down and secure and that there was no sign or warning in or about said board walk or said land or building on the premises thereof to warn persons of the said board walk.

The remaining portions of the complaint set forth the occurrence of the accident and the injuries sustained and damage suffered and it is not necessary that these be dealt with here. The demurrer was general.

The argument of appellant is that the complaint does not allege that Alice B. Washington owned the premises at the time they were constructed, or at the time they were leased, and there is no allegation that she was in possession of any

part of the premises at the time of the accident, either exclusively or jointly with her tenants or otherwise, nor is there any allegation that she was under any contractual duty to keep the premises repaired.

To our minds there is little merit in the contention. True, the complaint states that the tenants named were in possession of the land and buildings, but immediately thereafter, and in unbroken sequence, are the allegations showing the extent of the tenants' possession and the particular portion of the premises so possessed. The complaint alleged in sufficiently plain language that the defendant owner constructed and maintained the board walk and pointed out that by permitting the unsafe condition alleged the construction and maintenance was negligent and careless and so characterized. The complaint further alleged that the walk was at all times maintained by defendant owner and the tenants for purposes common to all the tenants, namely ingress and egress for tradesmen and delivery agents or employees. Appellant cites many cases unnecessary to review here.

The general rule as stated, and upon which both appellant and respondent agree, in the main, may be stated.

Where a building is let in flats or offices, or otherwise leased to individual tenants between whom no privity exists, the hallways, entrances, stairways, or other fixtures not being demised to the tenants or any particular tenant, but used in common by all, the landlord owes a duty to those visiting the premises and entering such passageways to visit a tenant or at his invitation, express or implied, to use ordinary care to avoid injuring them as they are invitees of both landlord and tenant. (15 Cal. Jur. 741.)

A landlord letting portions of a building to separate tenants, retaining other portions under his control, is under the responsibility of a general owner of real estate who holds out a general invitation to others to enter upon and use his property, and is bound to see that reasonable care is exercised to have the portion thus retained by him reasonably safe and fit for the uses which he has invited others to make of them. (16 Ruling Case Law, 1037, and Supplement, vol. 7; 43 Am. Law Rep. 1273.) In *Siggins* v. *McGill*, 72 N. J. L. 263 [111 Am. St. Rep. 666, 3 L. R. A. (N. S.) 316, 62 Atl. 411], Justice Pitney describes the possession of the landlord in these instances as a legal possession, which aptly char-

acterizes the same. Tested by the rule, we think the complaint stated a cause of action. It might be that isolated phrases, here or there, to an extent negatived other specific allegations or that specific allegation would have more clearly pointed out the liability contended for. As against a general demurrer the complaint was sufficient. Less particularity is required in the allegations of a complaint where, as here, the facts in it stated are such that the defendant, from their nature and her relation to them, has full information concerning them. (*Goldstein* v. *Healy*, 187 Cal. 212 [201 Pac. 462].)

The record before us shows that issue was joined by answer and a trial on the merits followed. It was shown and admitted that none of the tenants had exclusive possession of this board walk and that the walk was not demised to any tenant, but remained under the control of the defendant owner appurtenant to the entire holding and used as a common walk. The issue before the jury was defendant's knowledge or lack of knowledge of the condition of the walk and her exercise of ordinary care in the premises, under the law as given to the jury by the court. Not one single complaint is made of any instruction and we, therefore, assume that the jury were fully and fairly instructed as to the law applicable to the issues submitted to them. Not a single objection or exception is urged as to the trial court's rulings on the admission or rejection of evidence.

Under all of these conditions we do not feel that even a semblance of justice may be maintained in going back to the complaint in a wilful endeavor to try and find some possible construction that might force a holding that no cause of action was stated. Where words or phrases are susceptible of different meanings we are not to discard every meaning but the one that would render ineffectual the allegation. The oft-quoted rule that pleadings are to be construed most strongly against the pleader must yield to the basic rule underlying all cases and as, in substance, found in the constitutional provision, article VI, section 4½ of the constitution.

Appellant next urges that the evidence is insufficient to sustain the judgment. This contention is presented in many ways; in a motion for nonsuit and in a motion for

judgment notwithstanding the verdict and also in a motion for a directed verdict.

In whatever form presented, it comes back to the same question, the sufficiency of the evidence. As stated, there is no issue on the ownership of the building. The evidence sufficiently shows, with no substantial conflict, that the walk in question was not demised to any particular tenant, but was a common walk or passageway as the term is used in the rule previously announced. Without further recital of the testimony we may take up the specification of appellant as to wherein the evidence is insufficient.

Quoting from appellant's briefs: "Where stairways, passages, walks, etc., are reserved upon premises for the use of two or more tenants and not demised to either or any of them, and in the absence of any special agreement to the contrary, the law presumes them to be in the possession and under the control of the landlord. We make no contention to the contrary, and it is also freely admitted that responsibility for accidents to persons lawfully upon such portions of the premises is placed upon the landlord, provided, however, that such accidents are proximately caused through the negligence, that is want of ordinary care, of the landlord.''

And so her argument as it is presented to us reads: "In the absence of knowledge either actual or constructive, no negligence on the part of appellant has been shown upon which recovery can be based.''

Then we are brought to the only issue presented in this branch of the case, the negligence of appellant.

The appellant had owned the premises since a time preceding 1922. She had never been in the premises to inspect the same between 1922 and the date of the accident. It was her testimony that one of the tenants was recommended to her as a handy man, who would keep the premises in repair and in good condition. The record discloses no contract in this respect nor any compensation received. As a matter of fact the owner did not know anything about the walk or its condition or state of repair. She had an agent named Ray to whom had been entrusted the duty of inspection and report. As far as the record discloses, no person, tenant, agent, or owner knew of the defect in the walk nor did plaintiff perceive the defect until after many

trips had been made by himself and his colaborer. In fact, no one discovered or had actual knowledge of the defect until after the accident. No contributory or other negligence is shown on the part of the plaintiff. The jury had before them a photograph of the premises showing the walk. This was admitted for the reason that it portrayed the exact condition of the walk and to all intents and purposes was the equivalent of an examination of the premises. The agent Ray testified that he was the manager of the property since 1923 and was frequently upon the premises, sometimes four or five times a month and sometimes not in two months, depending upon circumstances. During the months preceding the accident he was there about once a month and about the 10th of the month of the accident, which occurred September 25, 1925. He never heard of the accident until some eight months after. He never saw any defect in the walk and as far as his observation went the boards were always in position. There is no evidence of any inspection by him or under his direction nor is there evidence of his deputing this duty of inspection.

The appellant in urging the lack of showing of any negligence points with great confidence to the fact that the board walk had been used for many years without disclosing defect or causing injury. This is rather a weak subject. There are many things which do not improve with age, but, on the contrary, deteriorate and weaken; amongst these are wooden sidewalks and the fact that a walk of this character had been for many years almost on the ground, exposed to the rotting dampness below and the elements on the surface would not be a guarantee of its strength or fitness. Negligence in its last analysis imparts a lack of care, and both care and negligence are relative to duty. As stated in the rule, those using the common walk were invitees of the owner. The owner would be liable to the invitee for her mere failure to use ordinary care for his safety. (*Brown* v. *Pepperdine*, 53 Cal. App. 336 [200 Pac. 36].) It was the duty of the owner, having control of the board walk to use all reasonable means to make that walk safe for anyone lawfully using the same at the invitation, express or implied, of the owner. (*Foley* v. *Hornung*, 35 Cal. App. 312 [169 Pac. 705].) This duty was either performed or it was not. Appellant contends that the duty was fulfilled by simply

letting the walk remain without any effort to ascertain its true condition on the novel theory, perhaps, that it is presumed that a board walk is sound and safe up to the time one of the boards breaks forth in mutiny and injures one passing over it. We are familiar with the rule applied to the case of one harboring a vicious dog, which rule has been announced as "every dog is entitled to one bite." We see no analogy so striking as to cause the rule to be adapted in different phraseology to meet the situation here.

The walk itself in its entire length was visible to anyone. It contained comparatively few boards; no part of it was concealed so as to make inspection difficult or dangerous. The boards lay practically on the ground, though presumably nailed to the joists or stringers. It is a matter of common knowledge that all boards exposed to the weather react to climatic conditions and changes. Any person of ordinary intelligence realizes that wood expands and shrinks and that likewise nails or other metals also react to the laws of heat and cold. The expansion and contraction of wood and metal are not compensatory, resulting in loose nails in boards. These loose nails will work out and often do, leaving the board in just such a condition as we find the one here. These are matters of such ordinary knowledge that it cannot be held that one upon whom devolves the duty of maintaining and keeping safe an exposed board walk has performed that duty by neglecting the walk entirely.

In 36 Corpus Juris, page 220, we find: "Actual knowledge of a defection is not necessary but it is sufficient that the landlord could have learned of the same by the exercise of reasonable care." In *Capwell* v. *Blake,* 9 Cal. App. 111 [98 Pac. 51], the rule is announced that where the landlord or owner has control of a portion of the premises by implication he undertakes to exercise that control as to inflict no injury upon his tenants. If he does not exercise common care and prudence in the management and oversight of that portion of the premises which belongs to his care and damages are sustained by a tenant he becomes liable to him. This rule has its full application to the invitee of the tenant. (*Harkin* v. *Crumbie,* 14 Misc. Rep. 439 [35 N. Y. Supp. 1027]; 1 Tiffany on Landlord and Tenant, p. 628.) In *Davis* v. *Pacific Power Co.,* 107 Cal. 574 [48 Am. St. Rep. 156, 40

Pac. 952], it is said: "Where the landlord retains or has control of a portion of leased premises the responsibility rests with him to see that no injury results to those having rights there by reason of the manner in which such portion of the premises is occupied or used; and if he puts dangerous machinery therein it is his duty to fence it in or use other proper means to protect those rightly in its vicinity."

The principle is the same in the instant case. We have before us, as a part of the record the photographs of the board walk in question. It is apparent that this walk is weatherbeaten and worn. The boards show signs of great deterioration and disintegration and a view of the board walk as thus depicted would support a strong presumption that it was being permitted to rot along with a general decay.

We are not holding that the owner was an insurer as no such question arises. We affirm the general doctrine that he is chargeable with only ordinary care. But we do hold that the question as to whether or not he has exercised ordinary care is one for the jury.

From the facts adduced the jury might easily have concluded that the slightest inspection would have disclosed the conditions actually existing. And finding no discovery they might and obviously did find no inspection. We are at a loss to determine how an owner can assert care and circumspection by proof only of a total failure to act at all, particularly where an affirmative duty is fastened upon him. In *Nile* v. *Los Angeles Co.*, 2 Cal. App. 190 [83 Pac. 271], it is aptly said: "The fact that the manager did not know who placed these boards there might have led the jury to infer that he did not want to know." While the facts in that case need not be detailed, the same thought may have been with the jury in this trial. Finally, it may properly be here stated that the owner of premises inducing tenants to aid and further his investment is distinctly benefited by reserving to himself the control of common walks and passageways. Thereby he affords convenience to his property which enhances the rental value, and retains himself the power of preventing one tenant from depriving another of equal facilities for use of the demised premises.

By securing this right he accepts the burdens that go with it and if he chooses to let the property look after itself, trusting to good fortune to protect those who use the prem-

ises he must be prepared to accept the results when this good fortune abates or takes a turn for the worse.

There was some evidence of a circumstantial nature to show that some third person might have loosened the board without the knowledge of the owner. The sum total of the evidence thus adduced amounted to nothing more than the establishment of a probability and its probative force was for the jury.

Judgment affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on February 20, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 21, 1929.

All the Justices present concurred.