[Civ. No. 10627. Second Appellate District, Division One.—July 10, 1936.]

BERNICE HAMILTON, Respondent, v. UNION PUBLIC MARKET et al., Defendants; GORE BROTHERS, INC., et al., Appellants.

J. M. Clements and James V. Brewer for Appellants.

Maynard Garrison for Respondent.

SHINN, J., *pro tem.*—Plaintiff, while in a public market to make a purchase, slipped and fell on an oily floor in an aisle, and in this action for damages recovered judgment against the owners of the market and their employee, whose duty it was to keep certain portions of the floors of the building clean.

The market building, owned by defendant Gore Brothers, Inc., was occupied by tenants and subtenants whose small places of business were separated by aisles. One of the subtenants, a Mr. Wertzel, operated a delicatessen store. He accidentally knocked nine bottles containing (separately) mustard, horseradish, barbecue sauce, and tartar sauce to the floor, where they broke in an aisle in front of the counter. Defendant George Keller, janitor for Gore Brothers, Inc., heard the crash and came with a broom and dustpan with which he removed the glass and such of the liquid mixture as he could with the equipment he had. He then left and later returned with a pail of water and a mop. While he was away plaintiff slipped on the oily floor and fell.

Defendants upon this appeal urge several grounds for reversal. They contend that Gore Brothers, Inc., owed no duty to the patrons of the stores with reference to the condition of the aisles. It was stipulated that the owners in leasing the stores to the tenants agreed to furnish janitor

service for the purpose of keeping clean the aisles between the leased portions of the building. Defendants say that the stipulation applied only to leases of "various" tenants and not to all of them, and that it was not shown that the aisle where the accident occurred was one which was under the care of the owners. It is true that the court, in stating the terms of the stipulation after conference with counsel, used the word "various" with reference to the leases, but it is plain upon the entire record that the case was tried upon the theory that the stipulation applied to all of the leases. We more readily reach this conclusion because the defendants did not question the application of the word "various" to the several leases, nor did they question the court's understanding of the term. The jury was justified in finding that the aisle where the accident occurred was one which was used generally by the tenants and patrons of the stores and that the duty of exercising ordinary care to keep the same in a safe condition was upon the owners and not upon the tenants or subtenants.

We are not in accord with the contentions of defendants that the obligation of the landlord ran in favor of the tenants alone. The general rule is that a landlord who reserves portions of his building for the joint use of several tenants or their patrons is under the duty of exercising reasonable care to keep the same in a safe condition. (*Brown* v. *Pepperdine,* 53 Cal. App. 334 [200 Pac. 36]; *Spore* v. *Washington,* 96 Cal. App. 345 [274 Pac. 407]; *Gulley* v. *Traders Oil Corp.,* 102 Cal. App. 557 [283 Pac. 97]; *Bellon* v. *Silver Gate Theatres, Inc.,* 4 Cal. (2d) 1 [47 Pac. (2d) 462].) The facts stipulated as to the provisions of the leases but confirm the legal duty of the landlord with respect to the care of the aisle where plaintiff was injured.

It is earnestly contended that the defendants were not guilty of negligence because the janitor exercised ordinary care and diligence to clean the floor and keep it safe. Plaintiff, on the other hand, claims that defendant Gore Brothers, Inc., was negligent in having only one janitor at work at the time of the accident and because patrons of the store were not warned of the danger and because the servant Keller did not clear the floor with sufficient alacrity. These respective arguments were presented to the jury and to the court on motion for nonsuit, motion for directed verdict, and

on motion for new trial, and those of the plaintiff have prevailed. Unless this court can say that there was no reasonable basis for holding the defendants to have been negligent, the implied finding of the jury and the rulings of the court cannot be disturbed.

Brief references to the evidence will suffice to illustrate our views on this point. The mixture from the bottles was described as being of the same color as the floor. Together with the broken glass, it was swept up with a broom and dustpan, leaving the oily substance on the floor. There was testimony that Keller was gone for three or four minutes getting a mop and pail of hot water. In the meantime nothing was done to warn patrons of the danger. The facts which we have stated clearly presented the issue of negligence for the determination of the jury, and upon that issue the conclusions reached by the jury were not unreasonable and are therefore binding upon this court. The implied finding of negligence of the defendants is not without substantial support in the evidence. What we have said on this subject applies with equal force to the arguments of defendants that the alleged negligence was not the proximate cause of the accident.

In expressing these conclusions we do not hold that upon the facts stated the employee, Keller, owed any duty to plaintiff. That point is not raised or presented in the briefs and we therefore deem it to have been waived.

Defendants' further claim of errors by the trial court in the giving of several instructions and the refusal to give others requested by them cannot be upheld. We have considered the instructions to which our attention has been called and have read the same in connection with all of the instructions given by the court. No criticism of the instructions given justifies particular discussion, and we find no error in the refusal of the instructions which defendants claim should have been given.

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.