[Civ. No. 3866. First Appellate District, Division One.—June 28, 1921.]

## W. CHARLES BROWN, Appellant, v. GEORGE PEPPERDINE et al., Respondents.

[1] Negligence—Duty of Owner to Licensee.—Where one enters the premises of another as a mere licensee he does so at his own peril and subject to the ordinary risks which attach to such premises, and the owner owes him no duty except to abstain from willfully and wantonly injuring him.

[2] Id.—Liability of Owner to Invitee.—Where one enters premises as an invitee the owners are liable to him for their mere failure to use ordinary care for his safety.

[3] Id.—Use of Common Entrance—Duty of Tenant to Exercise Proper Care.—Where a person enters the basement of a building by means of an entrance used in common by a tenant and a subtenant for the purpose of transacting business with such subtenant, he is an invitee of both the tenant and the subtenant, and such tenants owe him the duty to exercise proper care for his safety.

[4] Id.—Portions of Building Used in Common—Duty of Landlord to Visitors.—When a building is let in flats or offices the hallways, entrances, and stairways not being demised to the tenants but used in common by all, the landlord owes a duty to those visiting the premises to use ordinary care to avoid injuring them.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Reversed.

The facts are stated in the opinion of the court.

---

1. Duty of owner of premises to protect licensee against hidden dangers, notes, 1 Ann. Cas. 209; 17 L. R. A. (N. S.) 916.

George Appell for Appellant.

John F. Sheran and F. A. Jeffers for Respondents.

KERRIGAN, J.—This is an appeal from a judgment entered in favor of the defendants upon plaintiff's refusal to further amend his complaint after a general demurrer thereto had been sustained.

The amended complaint alleges that the defendants Pepperdine and McCalla were copartners doing business under the firm name of Western Auto Supply Agency, and as such copartners conducted their business in San Francisco, at No. 283 Golden Gate Avenue; that on the twenty-sixth day of June, 1919, the plaintiff, being engaged as a salesman in the employ of the California Commerce Corporation, entered the basement of said copartners, which basement was located on the easterly side of Hyde Street southerly from No. 283 Golden Gate Avenue; that at said time Frank Pedro, an automobile machinist, rented and sublet from the said copartnership a portion of the said basement on Hyde Street for and as an automobile repair-shop; that the said copartnership and the said Frank Pedro used a common entrance into the said basement from Hyde Street; that on said date and while the plaintiff was entering said basement for the purpose of visiting said Frank Pedro on business as a salesman for the California Commerce Corporation, and upon a runway going into said premises, the defendant Thomas H. Prior, an employee of said copartners, so unskillfully and negligently operated an automobile truck that he ran into and collided with the plaintiff, causing him serious physical injuries, to his damage in the sum of twenty thousand dollars.

The general demurrer to the amended complaint was sustained by the trial court upon the theory that as to the defendants composing the aforesaid copartnership the plaintiff in entering upon the said premises by the medium of said runway was a mere licensee, such entry not being made upon the invitation of said defendants; and this is the question discussed in the briefs.

[1] If he were a mere licensee the defendants owed him no duty except to abstain from willfully and wantonly injuring him, for when one enters the premises of another as

a licensee he does so at his own peril and subject to the ordinary risks which attach to such premises. **[2]** If, on the other hand, the plaintiff was an invitee, the defendants would be liable to him for their mere failure to use ordinary care for his safety. (*Giannini* v. *Campodonico*, 176 Cal. 548, [169 Pac. 80]; *Foley* v. *Hornung*, 30 Cal. App. 312, [169 Pac. 705].)

**[3]** We are of the opinion that the plaintiff while using the common entrance to the basement to transact business with the tenant of the defendants was an invitee of both the tenant and the defendants; and that having been injured while he was such an invitee the complaint states a cause of action against the defendants. **[4]** It has been repeatedly held that when a building is let in flats or offices the hallways, entrances, and stairways not being demised to the tenants but used in common by all, the landlord owes a duty to those visiting the premises to use ordinary care to avoid injuring them. (3 Shearman & Redfield on Negligence, 6th ed., sec. 710; 1 Taylor's Landlord and Tenant, sec. 175a.) So here, the defendants having retained the right to use the driveway in common with their tenant, they are liable for an injury sustained by persons rightfully visiting such tenant due to their ordinary negligence. While the allegations of the complaint are not as clear as might be desired, we think it sufficiently appears that the plaintiff was where he had a right to be, and that the defendants owed him the duty to exercise proper care for his safety.

Judgment reversed.

Waste, P. J., and Richards, J., concurred.