[Civ. No. 13099.   Second Dist., Div. Two.   Oct. 3, 1941.]

NELLIE WADE, Respondent, v. MRS. G. BUYERS, Appellant.

Edgar T. Fee and W. I. Gilbert, Jr., for Appellant.

Creassaty & Elstein and L. S. Jones for Respondent.

WOOD, J.—Plaintiff recovered a judgment in the sum of $3750 as damages for injuries suffered by her when she fell upon a cement walk along the west side of the Castle Arms Apartments. Although the judgment is against both Ruby Rowland and Mrs. G. Buyers, the last named defendant alone has perfected an appeal.

■ Defendant Rowland was the owner of the leasehold of the apartment house in question and appellant, her sister, was employed as "overseer" of the apartment house. The trial court found that it was appellant's duty "to perform all necessary things to be done in connection with said apartment house business, and particularly to keep the said apartment house and its appurtenances in a proper state of repair." It is now contended that this finding is without support in the evidence. Appellant testified that it was part of her duties "to see that the place was kept in good state of repair at all times. . . . It was part of my duty as an overseer to see that the interior was kept in good repair. When I discovered how the exterior was, I still felt it was my duty to have it repaired." Mrs. Rowland testified that it was part of the duties of appellant to see that the place was kept in good repair at all times and that she never gave appellant any particular instructions about any particular repairs. After plaintiff was injured appellant had the walk repaired and the cost of the repairs was charged to the apartment house account. The evidence is ample to sustain the court's finding.

■ It is also contended that the evidence is insufficient to support the trial court's finding that the cement walk in question was maintained so that tenants of the apartments in the rear of the main building could pass in and out. We find that the evidence is ample to support this finding. The main building contained a number of apartments and to the rear of this building defendant operated four apartments in a separate building. A hallway ran through the main building and the apartments in the rear could be reached by ascending a flight of stairs at the front of the building and descending another flight of stairs at the rear. The

walk running along the west side of the building was the only means of ingress and egress for the tenants of the rear apartments except by going through the main building. This walk was approximately 3½ to 4 feet wide. At the front part of the walk there were several steps each about 3 inches in height. A number of witnesses testified that the walk was commonly used by the tenants of the rear apartments as the usual means of ingress and egress.

Appellant also contends that no duty was owed plaintiff to use ordinary care, basing the contention upon the assertion that plaintiff intended to reside in one of the rear apartments occupied by the tenant Fulds and that Fulds did not have the right to sublet the apartment without the permission of the owner. Whether plaintiff intended to become a sublessee need not be considered since she unquestionably was an invitee of the tenant Fulds and as such she was entitled to the exercise of ordinary care on the part of those in charge of the premises. (*Brown* v. *Pepperdine,* 53 Cal. App. 334 [200 Pac. 36].)

The contention that plaintiff was guilty of contributory negligence as a matter of law is without merit. Plaintiff testified that as she was walking in a careful manner she stepped into a hole in the passageway in question, which caused her to fall and strike the next step; that there was no light on the premises; and that she had not walked on the passageway prior to the time of the accident. The trial court was justified in finding that plaintiff was not guilty of negligence in thus using the cement walk in preference to going through the main building to reach the Fulds apartment.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.