[Civ. No. 15531. Second Dist., Div. Two. May 8, 1947.]

MARGUERITE GERARD, Respondent, v. WILSON HOLD-
ING COMPANY (a Corporation), Appellant.

Parker, Stanbury & Reese and White McGee, Jr., for Appellant.

Elbert E. Hensley for Respondent.

WILSON, J.—Defendant has appealed from a judgment in favor of plaintiff in an action brought by her for personal injuries. Appellant was the owner of a building which was divided into rooms and apartments, each of which was occupied by a tenant. Prior to the accident appellant had leased the entire building and the lessee in turn had leased one of the apartments on the ground floor to a Mrs. Van Dusen. In addition to the entrance which was used in common by all tenants of the building it had a side entrance leading to the driveway. The latter entrance was for the exclusive use of the Van Dusen apartment and was not used by other tenants. The door from the apartment opened onto a narrow platform below which were two steps, then a platform wider than the first, followed by the bottom step. There was a guardrail at the outer edge of the upper platform but there was no rail on the outside of the steps or the lower platform. An electric light bulb was installed outside the door of the apartment and above the upper platform which was controlled by a switch inside the apartment.

On the evening in question respondent visited Mrs. Van Dusen in her apartment, arriving before it was dark and remaining until about 11 o'clock. She entered and departed by way of the side entrance. The light above the platform was unlighted and the entrance was dark at the time of her departure.

As respondent left the door of the apartment she stepped onto the upper platform and assuming that the guardrail extended down the steps reached for it and finding none lost her balance and fell from the top step.

Appellant contends that there was no evidence that it was negligent in any particular. ■ Respondent was the invitee of the tenant Mrs. Van Dusen and as such she was entitled to the exercise of ordinary care on the part of the owner of the premises. (*Wade* v. *Buyers,* 47 Cal.App.2d 168, 170 [117 P.2d 392]; *Brown* v. *Pepperdine,* 53 Cal.App. 334,

336 [200 P. 36] ; *Donahoo* v. *Kress House Moving Corp.*, 25 Cal.2d 237, 243 [153 P.2d 349].) A landlord cannot expect his tenants to lead a solitary life. It must be anticipated that the tenant of an apartment will invite guests and that they may not be familiar with the premises. ▆▆ It is therefore the duty of the property owner to provide safe means of entrance and exit both for the tenants and for the latters' invitees.

▆▆ The platform in question was three feet nine inches from the surface of the driveway. When respondent entered the apartment she ascended on the right-hand side of the steps which was next to the wall of the building. She had no occasion to observe the absence of a guardrail, and even if she had done so appellant would not thereby have been excused from its duty to exercise ordinary care for both tenant and invitees. When respondent stepped from the door of the apartment she placed her hand on the guardrail that extended for the width of the platform and, as any reasonable person would have done, expected and reached for a rail to guide her in descending the steps. Appellant, in having failed to install the guardrail, did not exercise the degree of care that it owed to persons who would have occasion to use the steps. The cases cited by appellant holding that the owner of property is not an insurer of persons whom he invites upon the premises need not be discussed since there is no contention that appellant was an insurer of the safety of any person who entered or departed from the apartment.

▆▆ Appellant contends that respondent was guilty of contributory negligence in that (1) the steps were unlighted and, if the degree of darkness was such that she could not see, then her action in assuming that there was a rail was negligence as a matter of law; and (2) if such a degree of darkness did not exist as to prevent respondent from observing the absence of the rail then its absence was an open and obvious defect which establishes respondent's negligence as a matter of law. We do not agree with either contention. When respondent stepped onto the upper platform her hand engaged the railing and she had a right to expect that the same protection would extend along the steps as that which had been installed on the platform. The cases cited by appellant in support of its contention are of no assistance in the instant action. In some of them the injured person walked along a dark hallway with which he was unfamiliar, and in one

at least the plaintiff refused to use a broad and safe stairway but proceeded in the darkness and fell through an open door. The facts shown by the record before us are entirely unlike those in the cases relied on for a reversal of the judgment.

Appellant contends that since respondent entered the apartment while it was daylight the absence of the rail was open and obvious to her. She had no occasion to observe whether a handrail was present or not since she ascended the steps on the side next to the wall and placed her hand on the wall as she climbed the steps.

 Considering the entire evidence it is obvious that respondent was not guilty of contributory negligence as a matter of law. The court fittingly submitted to the jury the question whether the steps were safe or dangerous and if dangerous whether the condition was patent and should have been observed by respondent. (*Oles* v. *Kahn Bros.*, 81 Cal. App. 76, 83 [253 P. 158] ; *Long* v. *John Breuner Co.*, 36 Cal. App. 630, 634 [172 P. 1132] ; *Neel* v. *Mannings, Inc.*, 19 Cal. 2d 647, 654 [122 P.2d 576].) The jury determined that appellant was negligent and respondent was not.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.