[Civ. No. 15647. Second Dist., Div. Two. May 8, 1947.]

AMELIA C. TSCHUMY, Appellant, v. BROOK'S MARKET et al., Respondents.

Lee J. Myers and Robert Rush for Appellant.

Bauder, Veatch & W. I. Gilbert and Forrest A. Betts for Respondents.

WILSON, J.—This is the second appeal in this action. The first appeal was by plaintiff from the judgment entered on a verdict in favor of defendants. That judgment was reversed on account of errors in instructions given to the jury. (*Tschumy* v. *Brook's Market,* 60 Cal.App.2d 158 [140 P.2d 431].)

The present appeal is from a judgment on a verdict which the court directed the jury to render in favor of defendants. ▮ A directed verdict may be ordered only when conflicting evidence is disregarded and plaintiff's evidence is given the value to which it is legally entitled, indulging all legitimate inferences that may be drawn therefrom, and the result is that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff. ▮ A motion for a directed verdict concedes as true all evidence given on behalf of plaintiff with all fair and reasonable inferences to be deduced therefrom, and even though the court might be justified in granting a new trial in the event of a verdict in favor of plaintiff it would not be justified in directing a verdict on the same evidence. (*Estate of Lances,* 216 Cal. 397, 400 [14 P.2d 768]; *Estate of Flood,* 217 Cal. 763, 768 [21 P.2d 579]; *Thomsen* v. *Burgeson,* 26 Cal.App.2d 235, 240 [79 P.2d 136]; *Engstrom* v. *Auburn Auto. Sales Corp.,* 11 Cal. 2d 64, 66 [77 P.2d 1059]; *Gish* v. *Los Angeles Ry. Corp.,* 13 Cal.2d 570, 572 [90 P.2d 792].)

The facts relating to the parking lot on which the accident took place, the adjacent market and sidewalk, the lighting conditions, and the projection from the sign which caused plaintiff to fall, are fully described in the opinion rendered on the former appeal and need not be repeated here. For a better understanding of the character of the sign and its projecting supports a reproduction of a photograph introduced in evidence is appended. [See photo opposite page.]

It should be noted in connection with the photograph that according to the evidence, as plaintiff passed in front of the sign (it was on her right), she stepped onto the sidewalk with her left foot and as she raised her right foot it caught in the iron ring at the end of one of the projections from the bottom of the sign, causing her to fall. The ring is approximately two feet from the sign and indicates the distance of her body from the sign before she fell.

In addition to the evidence related in the opinion on the former appeal the gasoline station attendant testified at the

second trial, referring to the place where the accident happened, that "it was dark in that area," and that when he went to the market, which occurred almost every night, and walked from a brightly lighted place into the area in question, it was a darker spot by comparison with the adjacent area.

On the former appeal the court held that plaintiff was an invitee upon the premises (60 Cal.App.2d at p. 165); that the invitation to enter included an invitation for her to depart "from such premises over such portions thereof as a reasonable person, situated as plaintiff was, would reasonably believe were held open as a proper means of departing from the premises"; that the pavement in front of the building, the pavement of the parking lot and of the sidewalk, all being on the same level, constituted a proper means of approach to the entrance by reason of the physical arrangement of the premises, acquiescence, dedication, and a long established custom. (P. 166.)

The court further held that since defendant Stark gave defendant ice company "free possession" of the space leased to the ice company as soon as the lease was signed, although

it was not effective until more than a month later, and since there was nothing to indicate to plaintiff or to other patrons of the market that there was any change in the custom that had prevailed for several years whereby customers of the market were permitted by Stark to approach and depart from the market across the parking lot, or to signify that the small space thereafter to be occupied by the ice machine was to be excluded from the usual and customary places over which customers for many years had traveled, the ice company itself was on the premises prior to October 1st only by the invitation or acquiescence of Stark; that at the time of the accident, irrespective of the lease, Stark had retained the rights of use and passage over the space which was to be occupied by the ice vending machine. Accordingly the court held that the instruction to the jury to the effect that Stark was not liable was prejudicially erroneous. From this it follows that the converse of the instruction is a correct statement of the law, to wit, that Stark was liable by reason of his permission to the ice company to use the premises prior to the effective date of the lease and by reason of the presence of the sign installed by the ice company. As to the ice company, the court held that since plaintiff was an invitee of Stark and since the ice company was likewise an invitee or licensee of Stark the company owed plaintiff as an invitee the duty of exercising ordinary care. (P. 168.) To the same effect see, also, *Brown* v. *Pepperdine,* 53 Cal.App. 334, 336 [200 P. 36] ; *Donahoo* v. *Kress House Moving Corp.,* 25 Cal.2d 237, 243 [153 P.2d 349] ; *Wade* v. *Buyers,* 47 Cal.App. 2d 168, 170 [117 P.2d 392].

The law as stated in the former opinion, above outlined, constitutes the law of the case and was binding on the trial court at the second trial.

█ Defendants contend that the holding on the former appeal is not the law of the case and was not binding in the subsequent trial because the evidence at the latter relating to the relationship of the parties was not the same as that introduced at the first trial. We have not been referred to any evidence at the second trial that was substantially different from that offered previously. Defendants refer in their brief to the evidence of Stark, but his testimony concerning his permission to the ice company to take possession before the effective date of the lease was practically the same as that referred to in the opinion on the former appeal. A lighting

engineer employed by the Bureau of Power and Light of the city of Los Angeles testified concerning the lighting equipment maintained in the street, the distance of the light standards from each other, and the character of the lamp bulbs on the standards. He did not testify that the lights were burning on the night in question. The latter point was covered by the evidence at both trials. The evidence at the second trial was not in disagreement with that introduced at the first, nor was the additional evidence sufficient to eliminate from this appeal the rule of the law of the case.

It was a negligent act on the part of the ice company to install a contraption such as is shown in the photograph. Flat supports would have sustained the sign as efficiently as those that were used. The curves at the ends of the supports were traps that a reasonably prudent person would not have placed where pedestrians would be likely to come in contact with them.

Since the negligence of both defendants is established by the former opinion and by the evidence at the second trial the court was not justified in directing a verdict in favor of defendants unless it could be said as a matter of law that plaintiff was contributorily negligent.

In the argument of defendants they refer to plaintiff's admission that she saw the sign before she tripped over the supporting strips of iron that extended from the bottom of the sign. They say that ''she saw the sign before she collided therewith,'' and with this as their text argue repetitively that she was guilty of contributory negligence. We look to the record and not to the briefs for the evidence. Appellants' argument is demonstratively negated by the fact that there is no evidence whatsoever that she collided with the sign. No contention has been advanced until this appeal that a collision with the sign caused plaintiff's injuries. The evidence is uncontradicted that her foot caught in the curved end of the support of the sign which was approximately two feet from the sign itself, and this was her nearest approach to the sign. The fact that she saw the sign before her foot contacted its appendage, which was two feet distant therefrom, does not necessarily constitute contributory negligence.

The evidence reveals that the accident happened on a dark night; the parking lot was paved with dark asphalt; the supports of the sign were constructed of a dark metal; the point where the sign was located was darker than the

surrounding area; immediately prior to the accident plaintiff had departed from Stark's market which was brilliantly lighted. It cannot be said that as a matter of law plaintiff was guilty of contributory negligence. The sign was not a warning to plaintiff that a support of the character described in the evidence and shown in the photograph extended from its base. The question of contributory negligence should have been submitted to the jury, and it was error to grant the motion for a directed verdict.

Judgment reversed.

Moore, P. J., and McComb, J., concurred.