[Civ. No. 15887.   Second Dist., Div. Two.   Sept. 30, 1947.]

LAVINIA BOWATER, Appellant, v. ETHEL B. TASSEY et al., Respondents.

652

Laurence B. Martin and William P. Camusi for Appellant.

Jones, Thompson & Kelly and H. S. Farrell for Respondents.

WILSON, J.—Since there is substantial evidence in the record that would have supported a verdict in favor of appellant, the judgment of nonsuit from which the appeal is taken must be reversed.

In *Weck* v. *Los Angeles County Flood Control District,* 80 Cal.App.2d 182 [181 P.2d 935, 940], we set forth at length the rules governing the granting of nonsuits and motions for directed verdicts and they need not be repeated here.

The facts disclosed by the evidence are as follows: Respondent Tassey was the owner of a dwelling house which she leased to Mr. and Mrs. Wallich, son-in-law and daughter of appellant. Miss Tassey employed respondent Deyo to paint the residence inside and outside. There is a question as to whether Deyo was an employee of Miss Tassey or an independent contractor. The evidence on this point is conflicting and the answer should have been left to the determination of the jury. Deyo began his work in September, 1943, but because of ill health did not complete it until May or June, 1944. There is evidence that the work was not completed until about June 1st, but Deyo claims that his work was finished on April 16, 1944. The accident causing appellant's injuries occurred on May 16, 1944.

At the rear of the house there was a gravel or dirt pathway leading from the edge of the driveway to the back door of the house. The pathway was about 1½ feet from the wall and was separated from the house by a row of plants. On the rear wall of the house ivy vines extended from the ground to the roof, a distance of 8 or 9 feet. Miss Tassey testified that when Deyo began his work she did not specifically mention to him the removal of the vines but told him to paint the house, and took it for granted that he would take the vines from the wall and do whatever was necessary to complete the work. Before beginning the painting Deyo removed the vines from the side of the house and placed them in the narrow space between the wall and the pathway. Some of the ends of the vines extended into the path. Apparently the roots were not disturbed, since it is in evidence that the vines continued to grow between the time of their

dislodgment from the wall in September, 1943, and the date of the accident in May, 1944. The pathway was partially covered by dead leaves and the vines in some places grew under the leaves, where they could not be observed.

On the day of the accident appellant visited her daughter and son-in-law and while walking along the pathway toward the rear door of the house her foot was caught by one of the vines and she fell to the ground, causing the injuries for which she seeks to recover. After she fell a vine was found to be wrapped around her foot—it was over one foot and under the other. There were no tenants in the house other than appellant's son-in-law and daughter.

In *Gerard* v. *Wilson Holding Co.*, 79 Cal.App.2d 553 [180 P.2d 380], we affirmed a judgment in favor of a tenant's invitee against the owner of the premises and held that the tenant and her invitee were entitled to the exercise of ordinary care on the part of the owner of the leased premises.

In the instant case the vines were at least 8 feet long, extending from the ground to the roof, and were placed on the ground where the path was 1½ feet distant from the wall; the vines were permitted to remain extended into the pathway for approximately nine months, during which time they continued to grow. Dead leaves covered the vines where they extended into the pathway. Whether or not either or both of the respondents exercised ordinary care for the protection of the tenants and their invitees or were guilty of negligence in allowing the vines to remain for so long a time extending into the path were questions which should have been left to the jury.

Respondents concede that a landlord is liable for negligence resulting in making repairs or improvements, whether the same be made gratuitously or not, but claim that the evidence does not show that any *repair* to the property caused appellant to fall. They make the tenuous argument that the removal of the vines from the house and placing them on the pathway so that the walls could be painted did not constitute the making of a "repair" as that term is used in the rule that a landlord is liable for negligence in making repairs to the premises, and that the term is limited to structural changes when negligently made.

It is common knowledge that it is necessary to paint a house at frequent intervals in order to preserve the wood-

work and to make the premises habitable. ▉ While the painting does not necessarily require any change in the structure of a building, it is deemed to be a repair. The removal of the vines was essential in order that paint could be applied to the wall and is in the same category as a structural change insofar as the rule requiring the exercise of ordinary care is concerned.

▉ We do not express an opinion as to whether or not respondent Deyo was an employee or an independent contractor. There is evidence from which the jury might have determined that he was an employee, to wit, that he worked by the hour and was provided with funds by Miss Tassey with which to purchase the paint; she decided the color and the number of coats of paint that should be applied; Deyo had not given her an estimate as to the cost of the work involved. If the case had been submitted to the jury and, upon the foregoing evidence, it had found that Deyo was Miss Tassey's employee, she would have been liable for his negligence under the doctrine of *respondeat superior*. ▉ On the other hand, if the jury had found that Deyo was an independent contractor it might also have rendered a verdict against Miss Tassey on the ground that she was responsible for injuries to a tenant or to the tenant's invitee, resulting from the negligence of an independent contractor. (*Bailey* v. *Zlotnick*, (App. D. C.) 149 F.2d 505, 506; 32 Am.Jur., p. 618, § 741.) Furthermore, if Deyo should be found to be an independent contractor he would nevertheless be liable for his own negligent act in leaving the vines for a period of nine months where some of them extended into the pathway that was in use for access to the door at the rear of the house, knowing that as long as the roots were undisturbed they would continue to grow and extend further into the path.

Judgment reversed.

Moore, P. J., and McComb, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied November 24, 1947. Schauer, J., voted for a hearing.