[Civ. No. 21294.   Second Dist., Div. One.   May 16, 1956.]

VEDA F. EPPERSON, Appellant, v. HARRY
MENDES, Respondent.

Erb, French, Picone & Griffin and Samuel B. Picone for
Appellant.

Moss, Lyon & Dunn and Henry F. Walker for Respondent.

DORAN, J.—This is an appeal by the plaintiff from a
judgment of dismissal entered after the granting of a nonsuit
in an action to recover damages for injuries suffered in a slip
and fall accident.  Plaintiff was a tenant of an upstairs apart-
ment in a so-called annex of the Ideal Hotel, owned and oper-
ated by the defendant.  The apartment occupied by plaintiff
was the only one on the upper floor of the annex building;
there were two apartments on the lower floor.  Occupants of
the three apartments were entitled to use refrigerator and
bathroom facilities known as the utility room, located on the

lower floor. The accident occurred as plaintiff was descending an interior stairway leading from plaintiff's apartment to this utility room.

The complaint alleges that ''the defendants at that time had and reserved to themselves control of the various portions of said apartment house, to wit: the halls, passageways, vestibules, lobbies and staircases which were used in common by the tenants and others lawfully within the premises.'' The defendants are alleged to have ''so negligently and carelessly permitted the hallways, passageways, and staircases to become worn and ragged on the walking surface thereof, to become and remain unlighted and to become and remain otherwise defective and out of repair as to become dangerous to the life and limb of a person traversing said hallways, passageways and staircases, as the defendants well knew and of which condition they had both actual and constructive notice, or by the exercise of ordinary care they should have known.''

It is then alleged that by reason of such negligence, the plaintiff, on October 31, 1953, at about 7 p. m., ''while lawfully walking down the staircase leading from her apartment on the second floor . . ., to the lower floor thereof, without fault or negligence . . . was caused to slip and fall to the floor of the said passageway.'' The answer denied liability, and alleged contributory negligence and assumption of risk.

The record discloses that the two downstairs apartments each had two doors, one opening from each apartment to the outside, and each apartment having another door leading to the utility room. The upstairs unit which was plaintiff's apartment, had an outside door and stairway which was the means of ingress and egress. There was also an inside stairway leading directly from plaintiff's unit down to a door into the utility room. There was no door at the top of these stairs, and the door at the bottom could be locked on the inside by the plaintiff. The stairway did not go anywhere except from plaintiff's apartment to the utility room, and was not designed for use by other tenants.

The plaintiff's family had moved into the upstairs apartment about three weeks before the accident, and about a month and a half before moving upstairs, had occupied one of the two downstairs units. Plaintiff had used the inside stairs daily and at night and testified that caution had to be used ''at all times going down the stairs.'' There was no handrail, and the area was lighted by an exposed 60-watt bulb hanging from the ceiling in plaintiff's apartment. Conditions

on the night of the accident were the same as during all of plaintiff's tenancy.

Plaintiff's account of the accident is as follows: "Well, I started down the stairs and I got down to the first landing and started around, and as I took a couple of steps, maybe three, and it was just so dark that I just slipped and fell down and when I reached up to grab, I just automatically reached up to grab something, why, there was no step there. There was just all there was to it, I just went all the way down on my back, and that is what happened." At the close of plaintiff's evidence the defendant's motion for a nonsuit was granted.

Appellant's contention that the questions of respondent's negligence should have been submitted to the jury, cannot be sustained. While it is true, as stated in appellant's brief, that a nonsuit should only be granted where it can be said, as a matter of law, that no other conclusion is legally deducible from the evidence, the record herein presents just such a situation. Considering the evidence in the light most favorable to plaintiff's case, no breach of duty on the defendant's part has been shown, and without such a prima facie showing, there is nothing to submit to a jury. In such a situation it is undoubtedly the right and duty of the trial court to take the case from the jury and direct a nonsuit.

As hereinbefore indicated, the evidence shows that the stairway in question was not one used in common by the tenants, but one used solely by plaintiff's family in reaching the common utility room. In the language of respondent's brief, "If others than the tenants of unit No. 10 (plaintiff's apartment) had the right to use that stairway, there could be no peaceful enjoyment of the upper apartment and the tenants thereof would have no right to lock or keep closed the door at the bottom of said stairway." The cited cases dealing with stairways, etc., used in common, have no application to the facts of the instant controversy.

All that the evidence shows is that the tenant, with full knowledge of existing conditions, fell down a private stairway and sustained injuries. The stairway was an integral part of the rented premises, and no more under the control of the landlord than any other part. And, as said by respondent, "This is not a case where the claimed danger is concealed or not patent. This is not a case where the tenant had no knowledge. On the contrary, her own testi-

mony showed that she had as full if not greater knowledge than that of defendant concerning any danger.''

The allegation in appellant's complaint that the stairway in question was ''used in common,'' and that it remained under the landlord's control, is, of course, an attempt to bring the case within one of the exceptions to the general rule. However, in view of the record evidence showing that the contrary was true, such allegations cannot supply appellant's lack of proof. The same is true in respect to allegations of negligence. In the absence of some proof of a duty owing by the landlord to the tenant, and a breach of such duty, no such issue is presented. In such a situation a jury should not be permitted to indulge in speculation upon the possible existence of facts which are not shown by the evidence.

To sustain appellant's contentions in the instant case would, in effect, amount to a departure from the well established rules concerning a landlord's liability. The general rule is thus stated in *Ellis* v. *McNeese,* 109 Cal.App. 667, 670 [293 P. 854]: ''In the absence of fraud, concealment or covenant in the lease, a landlord is not liable to a tenant for injuries due to a defective condition or faulty construction of the demised premises.'' There is no merit in any of the appellant's contentions, and the record discloses no reversible error.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied June 4, 1956, and appellant's petition for a hearing by the Supreme Court was denied July 11, 1956.