[Civ. No. 22416.   Second Dist., Div. One.   Oct. 17, 1957.]

SAM GOODMAKER, Appellant, v. WILLIAM R. KELLEY et al., Respondents.

458

Stephens, Jones, La Fever & Smith and Peter W. Irwin for Appellant.

Thomas P. Menzies and James O. White, Jr., for Respondents.

WHITE, P. J.—Plaintiff commenced this action to recover damages from defendants for personal injuries sustained in a fall. On May 21, 1954, plaintiff leased from defendants' predecessor in interest, and occupied an upstairs apartment. Defendants purchased and took possession of the property which was an apartment-court sometime during the month of June, 1954. There were two stairways leading to plaintiff's apartment, one front stairway and another at the rear, both of which led only to the apartment of plaintiff, and were not used in common with any other tenants. At the top of the rear steps there was a landing approximately 3 feet square, and the back door of plaintiff's apartment opened on to this landing. At the foot of the stairs there was no doorway or other barrier. Plaintiff testified he had never used the rear stairway prior to the date of the accident except during the process of moving his belongings into the apartment when he originally took possession thereof.

After defendants took possession of the apartment-court premises, a swimming pool was constructed thereon which was completed in early July, 1954.

On July 24, 1954, plaintiff went into the swimming pool, later emerged therefrom and went up the back stairs leading to his apartment to secure a plastic raft which he had previously inflated and placed on the landing at the top of the stairway. Plaintiff testified that he was wearing a wet bathing suit, was barefooted and that his feet were wet. When he arrived at the landing he turned to pick up the raft, and in the process of turning, his feet went out from under him and he fell from the landing to the bottom of the stairs. The extent of his injuries are not at issue on this appeal since by stipulation the issue of liability was tried first, and judgment on that issue was in favor of defendants.

In testifying as to the appearance of the rear stairs on the day of the accident, plaintiff stated, "It's very light, like a terrazzo, without color. It's a composition stairway. And when new, had a very slick finish to it, which wears off in time. . . ." Plaintiff further testified that he had never used either the front or rear stairs when they were wet. There seems to be no conflict in the testimony that the stairs were quite slippery when wet.

The cause was tried before the court without a jury, resulting in a judgment for defendants. From such judgment plaintiff prosecutes this appeal.

By his complaint, plaintiff alleged that defendants "had and reserved to themselves the control of various portions of said apartment house, to wit, the vestibules, walkways and stairways which were used in common by all of the tenants and others lawfully within the premises." It was further alleged, "That the defendants, and each of them, so negligently, carelessly and unlawfully constructed, maintained and kept the said stairways and so negligently and carelessly permitted said stairways to become so slick and slippery and otherwise defective and out of repair as to be dangerous to the life and limb of persons traversing said stairways as defendants, and each of them, well knew and of which condition defendants, and each of them, had actual and constructive notice."

By their respective answers, defendants generally and specifically denied plaintiff's allegations of negligence and also denied "that said stairway, or either of them, were under the exclusive care and control of defendants. . . ." As their first and second affirmative defenses, defendants pleaded contributory negligence and assumption of risk upon the part of plaintiff.

After completion of the trial and argument of counsel, judgment was entered in favor of defendants in accordance with findings of fact that defendants were not careless or negligent; that defendants did not reserve to themselves the control of the walkways pertinent to the apartment leased by plaintiff; that any injuries or damage sustained by plaintiff were caused and proximately contributed to by his carelessness and negligence; "that plaintiff had full knowledge of the danger, if any, attendant in the use of the premises, and voluntarily assumed whatever risk was attendant in their use."

Appellant's first ground for reversal is that the court erred in holding that the back stairway and landing were part of the demised premises. In this regard, he asserts that respondents retained the care and control of the stairs leading to his apartment and thus were under a duty to exercise reasonable care and control of such stairs.

In his attempt to show such right of care and control, appellant introduced the lease into evidence, with particular reference to paragraphs Fifth and Sixth thereof. We find nothing therein which supports appellant's claim. These provisions of the lease simply bind appellant, as tenant, to take "good care" of the apartment and to commit no waste therein; to make no alterations in the premises and to repair any

damage thereto caused by appellant's misuse or neglect, and other covenants generally found in similar leases. The Sixth paragraph simply allows respondent landlord free access to the leased premises for certain stated purposes. We see no escape from the conclusion that the steps passed under the lease, to appellant. ■ A lease of premises such as those involved herein, passes with it as an incident thereto, everything necessarily used with or reasonably necessary to the enjoyment of the part demised. As heretofore pointed out, the stairway was the only means of ingress to and egress from the rear entrance to appellant's apartment (*Bellon* v. *Silver Gate Theatres,* 4 Cal.2d 1, 11 [47 P.2d 462]; *Owsley* v. *Hamner,* 36 Cal.2d 710, 716 [227 P.2d 263, 24 A.L.R.2d 112]).

■ In the case at bar respondents did not reserve the stairway for the use of other tenants in common with appellant, thereby becoming bound to use ordinary care to keep it in a safe condition. Appellant's own testimony substantiates this. We are satisfied that in the absence of such reservation, respondents can be held liable only on proof of a hidden defect of which they had knowledge and appellant had no knowledge. The stairways being an integral part of the rented premises they were no more under the control of the landlord than any other part thereof. Directly in point in this regard are the cases of *Ellis* v. *McNeese,* 109 Cal.App. 667, 672 [293 P. 854], and *Epperson* v. *Mendes,* 141 Cal.App.2d 581, 583 [297 P.2d 141]. ■ Appellant's contention in the instant case cannot be upheld without departure from the well established rules concerning a landlord's liability announced in *Ellis* v. *McNeese, supra,* page 670, as follows: " 'In the absence of fraud, concealment, or covenant in the lease, a landlord is not liable to a tenant for injuries due to the defective condition or faulty construction of the demised premises.' '' Appellant testified that when he first took possession of the premises he observed that the stairs appeared to have a very slick surface, a very shiny finish to it, a "shellac type finish. It shined.'' ■ As was said in *Powell* v. *Stivers,* 108 Cal. App.2d 72, 74 [238 P.2d 34], "tenant assumes all risks arising from defects obvious to ordinary observation.''

In the case at bar, appellant was permitted over objection to testify that while he had not previously used the rear steps when they were wet, he had used the front steps when they were wet, and that they were "very slick and slippery.'' He also testified that both the front and rear stairs were composed of "the same material.''

■ Appellant also complains that his attempts to prove that respondents had knowledge that the stairs were dangerously slippery when wet through prior complaints by other tenants were thwarted by the court's action in sustaining objections to such evidence. While some testimony in this regard was admitted, nevertheless, assuming the court sustained objections to a portion of such proffered testimony, we perceive no error in such rulings because, since knowledge of the slippery condition of the stairs was equally available to appellant and respondents, under the rule above announced, no liability attached to respondents because the condition of the stairs was obvious to ordinary observations.

At the trial and before this court, appellant readily admits that he is relying "upon the liability of the landlord with respect to premises over which the landlord has reserved care and control as the foundation of his case." In that regard, appellant's counsel stated to the trial court, ". . . As I understand, from the Court's discussion, that the Court is of the opinion at this point that the back stairway in particular, and the back landing, are a portion of the demised premises, I submit that two vastly different rules of law apply as between the rules applying if they are a portion of the demised premises, or if they are not. I think the plaintiff's case must stand or fall on the Court's decision on that point."

■ We are satisfied that the court tried the case upon a correct conception of the law in holding that under the facts and circumstances here present, the rear stairway was an integral part of the demised premises and that appellant was chargeable with knowledge that leaving a swimming pool and going upon the stairs while his feet were wet would cause a condition of slipperiness on such steps.

We are also confronted with the finding that appellant was guilty of contributory negligence, a finding which in our opinion, was amply sustained by uncontradicted evidence hereinbefore narrated. Appellant contends that the issue of contributory negligence is not raised and may not, therefore, be considered on this appeal. With this contention we do not agree. ■ On appeal, a judgment may be affirmed on any theory which is supported by the evidence and the trial court's findings (*Sears* v. *Rule*, 27 Cal.2d 131, 140, 141 [163 P.2d 443]). ■ To us there appears to be no escape from the conclusion that it was appellant's negligence, when with full knowledge, as he testified, of the "very slick finish" of the stairs, he caused them to become slippery by walking on them

in a wet bathing suit and with wet feet, that caused the accident. The known condition of the construction of the rear stairs constituted adequate warning. It does not appear that respondents' knowledge of the stairway was superior to that of appellant. We are not here concerned with a dangerous condition caused by respondent, but on the contrary, the wetness of the stairway, and consequent dangerous condition thereof was caused by appellant himself. (*Walker* v. *Greenberger*, 63 Cal.App.2d 457, 461, 462 [147 P.2d 105].)

█ Since there was abundant evidence to sustain the finding of contributory negligence and appellant does not challenge such sufficiency, contending only that no such issue is involved, it follows that the attempt to introduce evidence of prior complaints by other tenants was directed to respondents' claimed negligence, but, because of appellant's contributory negligence, could not have changed the result. The rejection of such evidence was, therefore, not prejudicial. (*Rather* v. *City & County of San Francisco*, 81 Cal.App.2d 625, 636 [184 P.2d 727].)

Appellant earnestly urges that he was "deprived of his fair day in court" and asks "Did the trial court err in precluding Appellant from introducing competent evidence which was material and relevant to issues required to be proved by Appellant?" As we have herein pointed out, we are persuaded that the cause was tried upon a correct interpretation of applicable law; that the rulings of the court were correct and without prejudice to appellant's rights.

Appellant's claim that he was "never able to present his case and the law applying to the Court for the fair and open-minded consideration of the Court," and "that the argumentative conduct of the Court, erupting at times into outright discourtesy, precluded plaintiff from a fair trial," is not borne out by the record. True, there was serious disagreement between the court and appellant's counsel as to the law governing the issues as framed by the pleadings and raised by the evidence, but we find in the record no indication of antagonism on the part of the court toward appellant or his counsel. Illustrative of this is the following colloquy between the court and appellant's counsel:

"Mr. Irwin (appellant's counsel): May I have just a moment, your Honor?

"Your Honor, I don't want to labor this point with the Court. I wonder if the Court would reserve its ruling on this offer until I have a chance to submit a memorandum, be-

cause I feel that there is a very real distinction, supported by case law in California, between the demised premises and premises reserved by the landlord under the terms of a lease such as this, and under the state of the evidence.

"The Court: Any time during the course of the proceedings, I can always vacate a ruling, of course. I am perfectly willing to have you submit anything that may be helpful in determination of the question. . . ."

The judgment is affirmed.

Doran, J., and Fourt, J., concurred.