[Civ. No. 17946. First Dist., Div. Two. Aug. 19, 1958.]

EDWARD M. SCHAFER, Respondent, v. LEWIS MASCOLA et al., Appellants.

Cornish & Cornish for Appellants.

H. A. Dannenbrink and Joseph W. Stephens for Respondent.

KAUFMAN, P. J.—This is an appeal by the defendants from a judgment in favor of the plaintiff, rendered on a jury verdict. The complaint sought damages for personal injuries alleged to have been caused by the defendants' negligence.

The defendants, husband and wife, are the owners of a two flat apartment house in Berkeley. Both flats are rented to tenants. At the back of the property there is an outside wooden stairway from the ground to the upstairs flat. There is also a front stairway. On April 30, 1956, the plaintiff, a grocer, used the back stairway to deliver some groceries to the tenants of the upper flat, the Freemans. On the way down, plaintiff's right foot went through the fourth step from the bottom, which "just dropped down out of sight." The plaintiff, a 60-year-old man who weighed about 160 pounds, fell and sustained the injuries complained of in this action.

Plaintiff testified that he had been using the back stairway

to deliver groceries to the Freemans every day for about six months. Every day he noticed that the step in question was "springy" but forgot about it. He mentioned it in the store several times and had mentioned it to Mrs. Freeman two or three weeks before the accident. He did not mention the step to anyone else as it was not his place to do so. Several photographs of the steps, taken by the plaintiff's son were introduced in evidence as well as a portion of the step (removed by the plaintiff's son when he took the photographs) which showed dry rot. Louis B. Ripp, the contractor hired by the defendants to repair the stairway after the accident, testified that in his opinion the stairway was not dangerous or unsafe, but was not fit for repair and needed replacing.

The defendant, Lewis Mascola, testified that he had bought the building about two years before the accident. At that time the building was about 35-40 years old. Defendants made no inspection at the time of the purchase but relied on the realtor. Defendants' subsequent inspections of the property, made about once or twice a month, were confined to the area around the house to see that it was kept clear of refuse, etc. Defendants had made an oral agreement with each of the tenants. Each tenant agreed to take care of the lawn and the premises in return for a reduction of $10 in the monthly rental of his flat. Defendants stated that the tenants agreed "to take care of everything around the house" and that this included repairs of the premises.

Defendant also testified that as a matter of fact he took care of all repairs on the premises. Both defendants used the back stairway extensively in remodeling the premises. Mrs. Mascola had not been on the premises in a year and a half. Mr. Mascola had used the back stairway the month of the accident. Defendant stated that in going up and down the stairs he always faced the part that was close to the house because he felt, "if I was going to get hurt or anything I could fall safer against the house." Neither one of the defendants knew of a defective stair and had never been advised of any defect. The Freemans were not called as witnesses by either party.

On appeal, defendants urge that in the absence of testimony as to the condition of the stairway at the time the Freemans took possession, the court erred in denying defendants' motion for a nonsuit and in refusing to direct a verdict in favor of the defendants; that the court erred in not submitting the

issue of the control of the stairway to the jury as well as other prejudicial errors in the court's instructions to the jury, and finally that the plaintiff is barred from recovering from the defendants because the plaintiff had notice of the defect.

It is not disputed that the plaintiff is a business invitee of the tenant. Defendants argue that their duty to the plaintiff should be measured in accordance with the general rule as set forth in *Goodmaker* v. *Kelley*, 154 Cal.App.2d 457 [316 P.2d 746], that in the absence of fraud, concealment or covenant in the lease, a landlord is not liable for injuries due to a defective condition or faulty construction of the leased premises. Plaintiff argues that this case falls within the exceptions to the general rule set forth in *Kalis* v. *Shattuck*, 69 Cal. 593, 598 [11 P. 346, 58 Am.Rep. 568], and *Gerard* v. *Wilson Holding Co.*, 79 Cal.App.2d 553 [180 P.2d 380], as the stairway was under the control of the landlord, and even if under the control of the tenant, the defect existed at the time the premises were demised, and that the defendant should have discovered the defect in the exercise of ordinary care. The key issue is whether the stairway was a common areaway under the control of the defendant landlord, or a portion of the premises leased to the tenant.

 In the instant case, the stairway is an independent exterior stairway leading to the upstairs flat. It is apparently the only means of ingress to and egress from the back door of the Freeman flat. The complaint alleged that the stairway served both flats, but the only evidence adduced at the trial indicated that the stairway led only to the kitchen of the upstairs flat and that it was frequently used by the defendants. There was no evidence to indicate that the defendants reserved control of the stairway for the use of other tenants in common with the plaintiff. In the absence of such conflicting evidence, the issue of control was not an issue of fact for the jury.

 As pointed out in *Goodmaker* v. *Kelley*, 154 Cal.App.2d 457 [316 P.2d 746], in the absence of such reservation, a landlord can be held liable only on proof of a known hidden defect.

 In this case the court gave only the following instruction on the issue of control:

"It is the duty of the landlord, such as the Defendants in this case, to exercise reasonable care in making safe, and in the maintenance and repair of, any part of a building or other property *over which he retains* control and which is reserved from the exclusive use of any one tenant so that it

may be used in common by all tenants and all others who may lawfully enter the premises.''

This was an erroneous instruction because there was no evidence that the landlord retained control over the stairway. The trial court should have instructed the jury that the landlord could not be held liable on the theory that he retained control over part of the premises.

As stated, we think the quoted instruction finds no support in the evidence and was prejudicial to the defendants and misleading. (*Elm* v. *McKee,* 139 Cal.App.2d 353 [293 P.2d 827].) In giving the quoted instruction, the court apparently relied on *Gerard* v. *Wilson Holding Co.,* 79 Cal.App.2d 553 [180 P.2d 380]. In that case, an invitee of a tenant fell in the dark on a side stairway leading only to the apartment of the tenant. The landlord was held liable as by neglecting to provide a handrail on a portion of the steps, he had failed to provide a safe means of exit or entrance for the use of his tenants and their invitees. As the question of control was not involved in that case, it is not applicable here. On retrial the jury should be instructed that although the staircase was under the control of the tenant, the defendants may be liable if the defect was a dangerous one which existed at the time the lease was made, or should have been observed by the defendants, in the exercise of ordinary care, or if the defendants have undertaken to make repairs. (*Gerard* v. *Wilson Holding Co.,* 79 Cal.App.2d 553 at 556 [180 P.2d 380].)

In view of the above, it is not necessary to discuss defendants' remaining contentions.

We conclude that the judgment does not find support in the record before us.

Judgment reversed.

Dooling, J., and Draper, J., concurred.