[Civ. No. 24237.   Second Dist., Div. Three.   July 7, 1960.]

ANNIE LOUISE BEESTON, Respondent, v. LEO
LAMPASONA, Appellant.

Rinehart, Merriam, Parker & Berg and Jay D. Rinehart for Appellant.

Roland Maxwell, Paul H. Marston and Richard W. Olson for Respondent.

VALLEE, J.—Appeal by defendant from an adverse judgment in an action for damages for personal injuries.

The cause was tried by the court sitting without a jury. The court found these facts: On April 24, 1958, defendant

was the owner of an apartment building in Pasadena. Harriet Lawrence was a tenant in one of the second-floor apartments. In connection with the building there was a common stairs and a common entrance which was under the control of defendant. About 7:30 p. m. on April 24, 1958, plaintiff, as an invitee of Harriet Lawrence, went to the latter's apartment. About 9:30 p. m. plaintiff commenced to leave the premises. At that time and place, defendant maintained the entrance and the stairs at the entrance to the building in a negligent, dangerous, and defective condition and, in particular, he did not have proper lighting in and about the entrance and stairs. As a proximate result of such maintenance of the entrance and stairs, plaintiff, in leaving the premises, slipped, fell, and suffered injuries.

The first assignment of error is that the findings are not supported by the evidence. It is argued the evidence does not establish any causal connection between plaintiff's fall and any defective or unsafe condition of the steps where the fall occurred.

Harriet Lawrence testified: She occupied an apartment on the second floor of the building. She first became a tenant on July 1, 1957. There was a light fixture above the entrance to the building. She had never seen the light lit from the date she first became a tenant to April 24, 1958. Prior to April 24, 1958, she asked defendant if he could not please get the light fixed so "we" could see going in and out. Defendant never "bothered" to fix it. Plaintiff came to her apartment the evening of April 24, 1958, to have a fitting of a gown she (Harriet Lawrence) was making for her. She bade plaintiff good night on the second floor. She next saw plaintiff lying on the ground at the foot of the stairs outside. Her feet were on the bottom stairs. The light above the entrance was "off." It was dark in the area; it was not illuminated "by any lights from any place." She had to get close to plaintiff's feet to see her.

Plaintiff testified: On the evening of April 24, 1958, there was no lighting outside the apartment building; it was dark when she left. "Q. . . . Just tell us what you did when you got to that door? Tell us what you did and what happened. A. Well, it was completely dark, so I just stood there for a second, and then I groped around to see if there was anything I could hold on to. Q. And what happened then? A. Well, I groped around, and then I found a hand rail, kind of in amongst the bushes there, and I went to put my

foot out, and that is when it happened. Q. What happened? Just tell us what happened. A. I just fell down the stairs. Q. And where did you come to rest? A. At the foot of them." She groped for the handrail and placed her hand on it; she could not see it. She could not see any illumination on the steps.

A witness called by defendant testified: "Q. Did you see a light on there, on April 24, 1958, when you went out to see Mrs. Beeston? A. You mean this particular light? No. Q. That light was off, then, was it not? A. As far as I know, it was."

There were four apartments in the building: two downstairs and two upstairs.

It is manifest the evidence supports the findings. The fact that the steps were not defective or unsafe in and of themselves is a false quantity. The negligence alleged and found was the failure to provide lighting. ■ When a portion of the premises is reserved by the landlord for use in common by himself and his tenants, or by different tenants, a duty is imposed on the property owner to use ordinary care to keep that particular portion of the premises in a safe condition. (*Harris* v. *Joffe*, 28 Cal.2d 418, 423 [170 P.2d 454].) ■ A property owner owes the same duty to invitees of tenants. (*Gerard* v. *Wilson Holding Co.*, 79 Cal.App.2d 553, 554 [180 P.2d 380].) ■ A reasonable inference from the evidence is that the absence of lighting was the proximate cause of the fall. ■ "Even though reasonable minds may differ on the existence of proximate cause, the conclusion reached by the trier of fact is controlling on appeal." (*Yazzolino* v. *Jones,* 153 Cal.App.2d 626, 635 [315 P.2d 107].)

Defendant asserts the judgment is erroneous as a matter of law in that (1) it accords to an invitee of a tenant a greater right than the lessee herself could have claimed; (2) a landlord is not liable for injuries occasioned by any condition existing at or after the time the lessee takes possession; and (3) plaintiff was in fact a licensee and not a business invitee. The contention is entirely without merit. ■ Defendant relies on the general rule that in the absence of fraud, concealment, or covenant in the lease, a landlord is not liable to a tenant or his invitees for injuries due to a defective condition or faulty construction of the demised premises. (*Epperson* v. *Mendes,* 141 Cal.App.2d 581, 584 [297 P.2d 141]; *Hogan* v. *Miller,* 153 Cal.App.2d 107, 114 [314 P.2d 230].) However, the general rule is subject to the

well recognized exception that the landlord has a duty to use ordinary care to keep in a safe condition portions of the premises over which he retains control such as common area-ways; if the landlord is negligent in this regard, he is liable to a tenant for any resulting injury. (*Hassell* v. *Denning,* 84 Cal.App. 479, 482 [258 P. 426].)

*Yazzolino* v. *Jones, supra,* 153 Cal.App.2d 626, says (p. 632): "In *Freeman* v. *Mazzera,* 150 Cal.App.2d 61, this court said at page 63 [309 P.2d 510]: 'The stairway was a common one reserved by the owners-lessors and under their control. They thus owed the tenants and other invitees a duty to use ordinary care to keep this area in a safe condition.' ▮ As stated in *Johnston* v. *De La Guerra Properties, Inc.,* 28 Cal. 2d 394 at 399 [170 P.2d 5]: 'One who leases a part of the premises, retaining control of other portions such as common walks or passages which the tenant is entitled to use, is subject to liability to persons lawfully on the land with the consent of the tenant for damages caused by a dangerous condition existing on the part under the owner's control, if by reasonable care he could have discovered the condition and made it safe.' As stated in *Blumberg* v. *M. & T. Incorporated,* 34 Cal.2d 226 at 229 [209 P.2d 1]: 'The duty was not limited to conditions actually known by the owner to be dangerous, but extended also to conditions which might have been found dangerous by the exercise of reasonable care.' " (Also see *Burks* v. *Blackman,* 52 Cal.2d 715, 718 [344 P.2d 301].)

▮ In order to be an invitee or business visitor, it is not necessary that the visitor should himself be on the land for the purpose of the possessor's business, but it is sufficient that he be on the premises for the convenience or necessity of one who is on the land for such a purpose. (*Crane* v. *Smith,* 23 Cal.2d 288, 297 [144 P.2d 356].)

▮ "The purpose for which a person is on the premises of another is the test of whether he is an invitee or mere licensee. [Citations.] If the purpose is one of common interest or mutual advantage, the person is considered an invitee; if the purpose is one of mere pleasure or benefit like that of a social guest, the person is considered a licensee. [Citations.] ▮ The duty owed to a licensee is to exercise ordinary care in the case of active conduct with no liability for the defective condition of the premises except as to concealed traps. . . . ▮ 'A lessor or owner who retains control of stairways' has a business interest in the use of

these facilities by any person whom his lessee may choose to admit, irrespective of whether the visit of such person is for his own or the lessee's business purpose or whether he comes as a mere social guest or other gratuitous licensee of the tenant.' (Rest., Torts, § 332h.) A similar view was expressed by the court in *Spore* v. *Washington, supra,* 96 Cal. App. 345 at 355 and 356 [274 P. 407], and appears particularly applicable here: 'Finally, it may properly be here stated that the owner of premises inducing tenants to aid and further his investment is distinctly benefited by reserving to himself the control of common walks and passageways. Thereby he affords convenience to his property which enhances the rental value, and retains himself the power of preventing one tenant from depriving another of equal facilities for the use of the demised premises. By securing this right he accepts the burdens that go with it and if he chooses to let the property look after itself, trusting to good fortune to protect those who use the premises, he must be prepared to accept the results when this good fortune abates or takes a turn for the worse.'" (*Yazzolino* v. *Jones,* 153 Cal.App.2d 626, 636 [315 P.2d 107].)

We find nothing in *Street* v. *Glorence Bldg. Co.,* 176 Cal. App.2d 191 [1 Cal.Rptr. 274], or in *Nelsen* v. *Jensen,* 177 Cal.App.2d 270 [2 Cal.Rptr. 180], cited by defendant, to the contrary.

The judgment is not erroneous as a matter of law.

Affirmed.

Shinn, P. J., and Ford, J., concurred.