[Civ. No. 19175.   First Dist., Div. Two.   June 29, 1961.]

LOUISE GREEN, Respondent, v. DEL-CAMP INVEST-MENTS, INC. (a Corporation), Appellant.

480

Bledsoe, Smith, Cathcart, Johnson & Phelps and Glenn P. Lewis for Appellant.

Lange & Rockwell and Clyde R. Rockwell for Respondent.

DRAPER, J.—After defendant's motion for summary judgment was granted, plaintiff moved for new trial. Her motion was granted, and defendant appeals.

Plaintiff seeks damages for injuries sustained when she fell down a stairway in a flat rented by her from defendant under a written lease. She asserts that the carpet on these stairs was badly worn, and that her fall was caused when her heel caught in one of its many holes as she started to descend. She took possession of the flat August 19 under a lease dated August 17. The lease was for one month, and provided that any holding over should be on the same terms. The accident occurred November 16. Her declaration in opposition to the motion for summary judgment asserts that she noticed many holes in the stair carpet when she entered the flat after signing the lease, that thereafter she "constantly complained" to defendant about the condition of the carpet, but that she was told "I could expect no help . . . since the property was

to be condemned and they had no intention of spending any money on same.'' After the summary judgment, plaintiff changed attorneys and, apparently, her view of the facts. Her declaration supporting her motion for new trial alleged that, in response to her frequent complaints before the accident, defendant repeatedly promised to repair the carpet. It is undisputed that the stairway served only plaintiff's flat, and that lessor reserved no right of control or of use thereof for itself or for other tenants.

It may seem semantically anomalous to speak of a ''new trial'' following summary judgment, which is a determination that there shall be no trial at all. In the light, however, of the rule that a motion for new trial lies after judgment on the pleadings (*Carney* v. *Simmonds,* 49 Cal.2d 84 [315 P.2d 305]), the procedure appears proper.

Since the stairway was clearly a portion of the premises leased, the general rule is that the lessor is not liable in the absence of fraud, concealment, or an express covenant (*Goodmaker* v. *Kelley,* 154 Cal.App.2d 457 [316 P.2d 746]; *Epperson* v. *Mendes,* 141 Cal.App.2d 581 [297 P.2d 141]; *Ellis* v. *McNeese,* 109 Cal.App. 667 [293 P. 854]).

Plaintiff relies upon the rule of the Restatement that a lessor is liable if he ''has agreed by a covenant in the lease or otherwise, to keep the land in repair'' (Rest., Torts, § 357). This rule has been recognized in California (*Scholey* v. *Steele,* 59 Cal.App.2d 402, 405 [138 P.2d 733]; *Singer* v. *Eastern Columbia, Inc.,* 72 Cal.App.2d 402 [164 P.2d 531]).

Here there is no such covenant in the lease. On the contrary, it provided ''tenant agrees that apartment and furnishings are all in good condition and agrees to cooperate in maintaining said good condition,'' and ''Tenant expressly assumes the responsibility for keeping this apartment and all of its furnishings in good condition.'' Plaintiff argues that the word ''cooperate'' in the provision first above quoted implies an express covenant by the lessor to repair. We find this concept difficult even is the context of the provision in which the word ''cooperate'' is used, and impossible in the face of the second provision.

Plaintiff, however, also relies upon the claimed oral agreements of defendant, after commencement of the tenancy, to repair the carpet. We have pointed out that her first written declaration asserted that lessor said he would make no repair. We shall assume, however, that her contrary statement in the

second declaration raised a conflict which the trial court could resolve in her favor.

Nonetheless, she is confronted with two obstacles. The lessor's agreement must be supported by consideration (*Scholey* v. *Steele, supra*). ■ A mere gratuitous promise without consideration imposes no tort liability on the landlord (*Jones* v. *Regan,* 169 Cal.App.2d 635, 639 [337 P.2d 889]; see also *Sherrard* v. *Lidyoff,* 108 Cal.App.2d 325 [239 P.2d 28]; *Dorswitt* v. *Wilson,* 51 Cal.App.2d 623 [125 P.2d 626]).

■ At most, plaintiff's declaration suggests that she remained beyond the original one month term in reliance upon the claimed promise. Under other circumstances, this might constitute consideration (see *Singer* v. *Eastern Columbia, Inc., supra,* 72 Cal.App.2d 402, 409), but here her holding over was expressly subject to the written lease, and thus renewed her own agreement to make all necessary repairs.

■ Still further, in contending that her holding over and payment of rent for two additional months constituted consideration for the lessor's claimed promise to repair, plaintiff flies in the face of the parol evidence rule. The lease which she executed acknowledged the good condition of the premises and bound her to keep them so. Her declaration on the motion for new trial, in an apparent effort to avoid this bar, asserts that before she signed the lease the lessor told her that if the flat were not in good condition he would repair, and that he would not permit her to enter the flat until she signed the lease.

Plaintiff suggests that such evidence is outside the parol evidence rule because the lease is ambiguous. We have quoted the portions of the lease relating to plaintiff's admission that the premises are in good condition and her agreement to maintain them so. We find in these provisions no ambiguity to warrant the introduction of parol evidence.

■ Nor can plaintiff argue that she escapes the parol evidence rule because she seeks to show fraud. When, as here, the claimed fraud consists of a false promise with respect to a matter covered by the agreement itself, the oral evidence would contradict the terms of the agreement, in direct contravention of the rule. Such proof is not permitted (Witkin, California Evidence, p. 406; *Bank of America etc. Assn.* v. *Pendergrass,* 4 Cal.2d 258 [48 P.2d 659]; *Cobbs* v. *Cobbs,* 53 Cal.App.2d 780 [128 P.2d 373]).

It follows that defendant has adequately shown that there

is no triable issue of fact. Thus the motion for summary judgment was properly granted and the motion for new trial should have been denied.

Order granting new trial reversed.

Kaufman, P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied July 28, 1961.